IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:21-CV-0473-JRG-RSP |
| | § § | (Lead Case) |
| MITEL NETWORKS, INC., | § § | |
| *Defendant.* | § § § | |

## MEMORANDUM ORDER

Defendant Marriott International, Inc. (Case No. 2:21-cv-0480) moves pursuant to 28 U.S.C. § 1404(a) to transfer. Dkt. No. 59. For the following reasons, the motion is **DENIED**.

## I.     BACKGROUND

Plaintiff Estech Systems IP, LLC brought suit against several companies, including Marriott, alleging infringement of U.S. Patent Nos. 7,068,684 ("'684 Patent"); 7,123,699 ("'699 Patent"); 8,391,298 ("'298 Patent"); and 6,067,349 ("'394 Patent"). The patents relate to voice over internet protocol ("VoIP") and other network technologies. *Id*. Marriott moves pursuant to 28 U.S.C. § 1404(a) to transfer the suit to the District of Maryland. Dkt. No. 59.

## II.    STANDARD OF REVIEW

If venue is proper in the district where a case was originally filed, a federal district court may transfer the case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of

whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("Volkswagen II"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Id.*; accord *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly

2

demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *Apple*, 979 F.3d at 1338. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### III. ANALYSIS

#### A. Whether Suit Could Have Been Brought in District of Maryland

Marriott argues suit could have been brought in the District of Maryland because it is headquartered in Maryland and uses the accused instrumentality at the headquarters. Estech does not oppose this argument. In the absence of opposition to these facts, which together with the nature of the suit satisfy subject matter jurisdiction, personal jurisdiction, and venue, defendants have met the threshold inquiry for a transfer of venue analysis under § 1404(a).

#### B. Private Factors

##### i. Relative Ease of Access to Sources of Proof

Marriott argues that this factor favors transfer because relevant documents and witness are maintained or based at its corporate headquarters located in the District of Maryland. Dkt. No. 59

pp 5-6. In support, Marriott identifies that the following documents are maintained in Maryland: (1) contracts and agreements, including those related to VoIP and telecommunications services, (2) technical documentation relating to VoIP and telecommunications services, and (3) financial and accounting documentation. *Id.* Additionally, Marriott claims that corporate decision making, the information technology ("IT") team, and the financing and account team are all based at its corporate headquarters in Maryland. *Id.* Further, Marriott argues that Microsoft, its VoIP services provider, is based in Redmond, Washington and likely maintains relevant documentation. *Id.*

The existence of relevant documents or witnesses beyond the Eastern District of Texas and the District of Maryland does not substantially alter the analysis. See *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) (citing *In re Nintendo*, 589 F.3d at 1199-200; *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009)). Otherwise, Marriott's arguments favor transfer. *In re Genentech*, 566 F.3d at 1345 (" 'In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.' ") (quoting *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006); see also *In re Netflix*, No. 2:21-CV-00080-JRG-RSP, 2022 WL 167470, *2-3 (Fed. Cir. Jan. 19, 2022) (finding that transfer to a district where original sources of proof are maintained weighed in favor of transfer).

Estech opposes transfer arguing first that relevant documents are accessible electronically, reducing the significance of this factor. Dkt. No. 103 p 6-7. Estech also argues that its documents and witnesses are located in or near the Eastern District of Texas. *Id.*

Estech's point regarding electronic availability reduces the weight of the factor but does not render this factor irrelevant. See *Volkswagen II,* 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does

not render this factor superfluous."); *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("Any such inconvenience may well be slight, but, as we clarified in *Volkswagen II,* the question is *relative* ease of access, not *absolute* ease of access.") (emphasis original); *In re Quest Diagnostics Inc.*, No. 2021-193, 2021 WL 5230757, at *3 (Fed. Cir. Nov. 10, 2021) ("While electronic storage makes documents more widely accessible, this factor remains relevant."). Similarly, Estech's Plano, Texas headquarters and its associated documents and witness reduces the weight but does not overcome the presumption that the "the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co.*, 589 F.3d at 1199.

Accordingly, this factor weighs somewhat in favor of transfer..

### ii. Availability of Compulsory Process

Marriott argues this factor favors transfer because "Marriott's signatory to a volume licensing agreement to provide VoIP services for Marriott is no longer a Marriott employee, but still resides in Maryland." Dkt. No. 59 p 6-7. A court's inability to secure the attendance of a potential non-party witnesses favors transfer to a district with such ability. See, *e.g.*, *In re Toyota Motor Corp.*, 757 F.3d at 1340-41; *Volkswagen II*, 545 F.3d at 316.

Estech argues that Marriott's reliance on a single non-party witness former employee is insufficient for this factor to favor transfer because Marriott has failed to demonstrate whether this former employee "has any unique knowledge, is a likely trial witness, and will not voluntarily appear in Texas at Marriott's request." Dkt. No. 103 p 7. The Federal Circuit noted in *In re Genentech* that "it is not necessary for the district court to evaluate the significance" such as particular knowledge or likelihood of testifying at trial "of the identified witnesses' testimony." 566 F.3d at 1343-44. However, such considerations do affect the weight given to the location of

5

such individuals. The inventor identified below is more likely to be called at trial than the former employee who signed a licensing agreement.

Additionally, Estech identifies third party witness Harold E.A. Hansen II, a named inventor on the patents in suit residing in the Eastern District of Texas. This Court possesses subpoena power over the inventor and the District of Maryland would lack such authority. Accordingly, this factor is neutral since each party identifies a non-party witness subject to the compulsory process of the competing venue.

### iii. The Cost of Attendance

Marriott argues this factor favors transfer because corporate employees with knowledge relevant and material to designing, implementing, maintaining, licensing, and financing are all located in Maryland. Dkt. No. 59 pp 7-8.

Estech replies with its own list of willing corporate employees with knowledge relevant and material to the conception and development of the patents in suit and competitive technologies, as well as non-party witness Harold E.A. Hansen II, the inventor discussed above.

Upon comparison, whether suit is held in the Eastern District of Texas or the District of Maryland, substantial travel is required offsetting a majority of the total inconvenience as it pertains to party witnesses. However, the cost imposed on Estech's non-party witness is accorded greater significance. See, e.g., *CXT Sys., Inc. v. Container Store, Inc.*, No. 218CV00173RWSRSP, 2019 WL 1506015, at *3 (E.D. Tex. Apr. 5, 2019) ("it is the convenience of non-party witnesses, rather than of party witnesses, that is more important and accorded greater weight in a transfer of venue analysis.") (citing *Frito-Lay N. Am., Inc., v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870-71 (E.D. Tex. 2012)).

6

After such consideration, this factor is neutral because each party identifies one non-party witness and a number of party witnesses conveniently located near competing venues.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

Marriott argues this factor favors transfer because the decision-making resulting in the accused infringement occurred in Maryland. Dkt. No. 59 p 9 (citing *ICHL, LLC v. NEC Corp. of Am.*, No. 5:08CV175, 2009 WL 1748573, at *2 (E.D. Tex. June 19, 2009) (considering "place of the alleged wrong" as a relevant factor)). However, liability under the Patent Act does not hinge on a decision but on actions equating to infringement. Thus, even though Marriott argues that the decision to allegedly infringe took place in,  and that the majority of infringing activities takes place in, the District of Maryland, it does not deny that infringing activities also take place in the Eastern District of Texas.

Estech argues that judicial economy weighs against transfer because this Court has familiarity with the subject matter of the case and the patents in suit. See, *e.g.*, *Estech Systems, Inc. v. Target Corporation*, No. 2:20-CV-000123-JRG (Lead case for pretrial consolidation); *Estech Systems, Inc. v. Burnco Texas LLC, et al.*, No. 2:20-CV-000275-JRG-RSP (Lead case for pretrial consolidation).  Additionally, the instant round of Estech filings in which Marriott finds itself includes ten other defendants alleged to infringe the same patent rights asserted in Estech's prior filings. *Id*. Accordingly, this Court has deep familiarity with the subject matter of Estech's claims, and this factor weighs heavily in Estech's favor. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) ("courts have consistently held that judicial economy plays a *paramount role* in trying to maintain an orderly, effective, administration of justice") (emphasis added).

### C. Public Factors

Marriott concedes that this Court and the District of Maryland are equally familiar with federal law governing patent infringement actions, and that the case does not implicate the application of foreign law. Dkt. No. 59 p 11. Estech agrees. Dkt. No. 103 p 10. Accordingly, our analysis is limited to the remaining public factors.

#### i. Court Congestion

After comparing the average amount of time before a civil case is "disposed of" by this Court and the District of Maryland, Marriott argues that this factor is neutral. Dkt. No. 59 p 10. However, the relevant time period for this factor is the time to trial. Estech shows that this Court's time to trial for civil cases is nearly a year faster than the District of Maryland's. Dkt. No. 103 p 9; see also *In re Apple Inc.*, 979 F.3d 1332, 1343-44 (Fed. Cir. 2020) (finding relevant the speed to which a case can be brought to trial). Accordingly, this factor weighs against transfer.

#### ii. Localized Interest

Marriott argues that Maryland has an interest in this case because Marriott is a large employer based in Maryland and the decision-making leading to the accusation of infringement occurred in Maryland. Dkt. No. 59 pp 10-11. Estech responds similarly that it is based in Plano, Texas, and the inventions described by the patents in suit were conceived and developed in the Eastern District of Texas. Dkt. No. 103 p 10. Accordingly, this factor is neutral.

## IV. CONCLUSION

For the reasons expressed above, the Court finds that Marriott has not shown that the District of Maryland is clearly more convenient. Marriott's motion to transfer, Dkt. No. 59, is therefore **DENIED**.

**SIGNED this 23rd day of September, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE