**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:21-CV-00473-JRG-RSP |
| | § | (Lead Case) |
| MITEL NETWORKS, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION

Before the Court consolidated defendant Abbott Laboratories (Case No. 2:21-cv-00476) moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6) raising a licensing defense. Dkt. No. 47. For the following reasons, the motion should be **DENIED**.

## I.    BACKGROUND

Plaintiff Estech Systems IP, LLC brought suit against several companies, including Abbott, alleging infringement of U.S. Patent Nos. 7,068,684 ("'684 Patent"); 7,123,699 ("'699 Patent"); 8,391,298 ("'298 Patent"); and 6,067,349 ("'394 Patent"). Dkt. No. 1. The patents relate to voice over internet protocol ("VoIP") and other network technologies. *Id*. Abbott moves pursuant Federal Rule of Civil Procedure 12(b)(3) and (6) raising a licensing defense. Dkt. No. 47. Briefly, Abbott claims its intra-district Plano, Texas office employs telephony and VoIP systems derived from Cisco Systems, Inc., which is a licensee of Estech. Therefore, Abbott contends it does not infringe, 12(b)(6), within the district, 12(b)(3).

II.    **ANALYSIS**

The center of Abbott's arguments relies on interpretation of the licensing agreement between Estech and Cisco. Dkt. Nos 47, 47-5. The interpretation of a contract is a question of law which the court decides. See, *e.g.*, *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021); *McLane Foodservice, Inc. v. Table Rock Restaurants, L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013).

Abbott generally alleges that it is immune from suit simply because it is an "Authorized Party" as defined in the licensing agreement. Estech correctly responds that the license may immunize Abbott from liability to the extent its telephony system incorporates Cisco products, but the agreement does not immunize Abbott from liability to the extent that Abbott's telephony system infringes the patents in suit without reliance on Cisco products or services.

Starting with select definitions, "Party" is defined to mean either Cisco, Estech, or both as the context indicates, Dkt. No. 47-5 at 1.9; "Licensed Products" means Cisco products and services alone or in combination with other products or services, *Id.* at 1.7; "Authorized Third Party" means any entity authorized by any Party to use a Licensed Product such as Cisco customers, *Id.* at 1.3; and "Licensed Patents" means for purposes relevant here the patents in suit.

Next, section 2.2 of the licensing agreement grants to "Authorized Third Parties" a license to the "Licensed Patents" for the use of "Licensed Products." In other words, section 2.2 grants Cisco customers a license to the patents in suit for their use of Cisco products. The license does not extend to infringing telephony systems provided by an entity other than Cisco. This point is further clarified in the following section 2.3, which grants a covenant not to sue for using "Licensed Products" but clarifies that the agreement "does not preclude any litigation … based on … product or services that are not Licensed Products." This language reflects an intent to immunize Cisco

clients from liability for using Cisco products or service, while simultaneously preserving Estech's rights to pursue infringement actions against telephony systems that infringe the patents in suit without reliance on Cisco products or services. Abbott's reliance on section 3.1 of the agreement releasing "Authorized Third Parties" from suit is specifically limited by reference to section 2.3.

Accordingly, Abbott is an "Authorized Third Party" to the extent is uses Cisco products and services. However, that status does not immunize Abbott from suit to the extent its telephony systems infringe the patents in suit without reliance on Cisco products or services to function. Abbott has not overcome the clear allegations that it infringes in this District through its use of products and services not provided by Cisco.

## III.    CONCLUSION

For the reasons expressed above, it is **RECOMMENDED** that Abbott's motion to dismiss, Dkt. No. 47, should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 23rd day of September, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE