IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:21-cv-0473-JRG-RSP |
| MITEL NETWORKS, INC. | § § § | (Lead Case) |

## REPORT AND RECOMMENDATION

Before the Court consolidated defendants Primoris Services Corp. and Primoris Design & Construction, Inc. (collectively "Primoris") move to dismiss for failure to state a claim of direct infringement, and pre-suit indirect and willful infringement. Dkt. No. 60. For the following reasons, the motion should be **DENIED**.

**I.     BACKGROUND**

Plaintiff Estech Systems IP, LLC brought suit against several companies, including Primoris, alleging infringement of U.S. Patent Nos. 7,068,684 ("'684 Patent"); 7,123,699 ("'699 Patent"); 8,391,298 ("'298 Patent"); and 6,067,349 ("'394 Patent"). The patents in suit relate to voice over internet protocol ("VoIP") and telecommunications networks.

**II.    MOTION TO DISMISS STANDARD**

A complaint states a sufficient claim if it gives a defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12 motion to dismiss, a court must accept "all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion

to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

### III.   ANALYSIS

Primoris first argues the complaint fails to state a plausible claim of direct infringement because the complaint does not adequately describe the accused products or how the accused products infringe the patents in suit. Dkt. No. 60 p 3-8. Primoris claims that the complaint vaguely describes VoIP telephony networks which could include a wide range of network devices such as phones, computers, routers, and servers and that as a result of the vague description Primoris does not know which devices infringe and which do not. *Id.* at 4. However, Primoris identifies itself as one of several RingCentral customers Estech has accused of infringing the patents in suit. *Id.* at 1, 7. The Court finds it implausible for Primoris to claim on one hand that the complaint relates to its VoIP telephony network provided by RingCentral and to argue on the other hand that the complaint is insufficient to provide fair notice of what Estech accuses of infringement. Primoris has identified from the complaint that the accused devices and functionalities relate to the VoIP telephony networks and services it receives from RingCentral. For the notice function that the

pleadings serve, that is sufficient. *Twombly*, 550 U.S. at 555. The degree of specificity Primoris imposes is beyond the pleading standard and reasonably expected from discovery. *In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (quoting *Twombly*, 550 U.S. at 556). Indeed, Plaintiff was required to serve infringement contentions containing the detailed information sought here shortly after this motion was filed. Primoris's motion to dismiss for failure to state a claim of direct infringement should be **DENIED**.

Next, Primoris argues the complaint fails to adequately allege pre-suit knowledge of infringement to state a plausible claim of indirect infringement. Indirect infringement, whether induced or contributory, requires a finding of fact that the alleged infringer possessed knowledge of the patents in suit and knowledge of another's direct infringement resulting from the alleged infringer's conduct. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)). Knowledge may be inferred from circumstantial evidence. *Id*.; *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016). Further, a theory of willful blindness is sufficient to prove knowledge. *Warsaw*, 824 F.3d at 1347 (citing *Commil*, 575 U.S. at 640-42; *Global-Tech*, 563 U.S. at 766-68) Primoris acknowledges that the complaint alleges a policy or practice against investigating third party patent rights. Dkt. No. 16 p 9. That is a sufficient theory of willful blindness to plead knowledge of infringement because it provides fair notice of the allegation and the grounds upon which it rests. Whether the policy is sufficient to show that Primoris is willfully blind is a question of fact which we view in the light most favorable to Estech. Primoris's motion to dismiss for failure to state a claim of pre-suit indirect infringement should be **DENIED**.

"[A] well-pled claim for willful blindness is sufficient to state a claim for willful infringement." *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 836-38 (E.D. Tex. 2019) (Gilstrap, J.) (citing *Global-Tech*, 563 U.S. at 765-69 and *Halo* 579 U.S. at 104-06). Accordingly,

Primoris's motion to dismiss for failure to state a claim of pre-suit willful infringement should be **DENIED**.

IV.   **CONCLUSION**

For the reasons expressed above, it is **RECOMMENDED** that Primoris's motion to dismiss, Dkt. No. 60, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 23rd day of September, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE