IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC<br><br>Plaintiff,<br><br>v.<br><br>MITEL NETWORKS, INC,<br><br>Defendant. | C.A. No. 2:21-cv-00473-JRG-RSP<br>(Lead Case) |
| ESTECH SYSTEMS IP, LLC<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | C.A. No. 2:21-cv-00476-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED**<br><br>**REDACTED** |

**DEFENDANT ABBOTT LABORATORIES' OBJECTION TO THE MAGISTRATE JUDGE'S SEPTEMBER 23, 2022 REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

Defendant Abbott Laboratories ("Abbott"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 72(b)(2), E.D. Tex. Local R. CV-72(c), and 28 U.S.C. § 636(b)(1)(C), hereby respectfully objects to and seeks clarification of Magistrate Judge Payne's Report and Recommendation filed on September 23, 2022, denying Abbott's Motion to Dismiss (the "Report") (Dkt. 176).

The Report is worthy of reconsideration by the District Court for two reasons. *First*, the Report concludes that Abbott is an Authorized Third Party under the Cisco Agreement; however, the Report did not address the corresponding impact of that conclusion stemming from

1

████████████████████████████████████████

███████████████████████████████████████████████ In addition, the Report did not address Abbott's position that the products at issue ███████████████████████ ████████████████ *Second*, while the Report references Abbott's Fed. R. Civ. P. 12(b)(3) argument contesting venue, the Report does not address the corresponding evidence or provide any analysis as to why venue is proper if no acts of infringement occurred here.  Accordingly, Abbott respectfully objects to and seeks clarification of the Report.

## II.     STANDARD OF REVIEW

A party has 14 days after service of a magistrate judge's report to serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  "A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects."  *Kovalchuk v. Wilmington Savings Fund Society,* 528 F. Supp. 3d 647, 653 (E.D. Tex. 2021).  "A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *SMH Enter. LLC v. Krispy Krunchy Foods, LLC*, No. 20-2970, 2021 WL 4460522, at *6 (E.D. La. Sept. 29, 2021).

The Magistrate's Report and Recommendation was served on September 23, 2022.  This Objection is timely pursuant to 28 U.S.C. 636(b)(1)(C).  The District Court reviews the Report's findings of law *de novo*.  *PNC Bank, Nat'l Ass'n v. Ruiz*, No. 1:15-CV-770-RP, 2022 WL 2542371, at *1 (W.D. Tex. June 3, 2022) (by timely objecting to the report and recommendation, the Court reviewed the report and recommendation *de novo*).

███████████████████████████████████████

### III. ARGUMENT

    A. **The Report Concluded Abbott is an Authorized Third Party but did not Address The Import Of That Finding Under** ███████████████ ███████████████████

In its Motion to Dismiss, Abbott explained that pursuant to Fed. R. Civ. P. 12(b)(6), this case should be dismissed because Abbott is an Authorized Third Party ███████████ (Dkt. 47 at 5-7; Dkt. 112 at 2-3). Abbott also explained that Plaintiff's claims were barred because ████████████████████████████████████████████████████████ The Report expressly found "Abbott is an 'Authorized Third Party' to the extent is [sic] uses Cisco products and services." (Dkt. 176 at 3). However, the Report did not address the corresponding import of this conclusion ████████████████████████████ Similarly, the Report did not address Abbott's position that ██████████████████████ These legal issues warrant revisiting of the Report. Indeed, the Report is arguably inconsistent as, on the one hand, it finds that Abbott is an Authorized Third Party, but on the other hand, the Report finds this "status does not immunize Abbott from suit to the extent its telephony systems infringe the patents in suit without reliance on Cisco products or services to function." (*Id.*) The ██████ ████████████████████████████████ necessary to any such conclusion.

As the Court recognized in the Report, "[t]he interpretation of a contract is a question of law which the court decides." (Dkt. 176 at 2, citing *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod. Inc.*, 7 F. 4th 301, 309 (5th Cir. 2021)). The Report begins the requisite analysis, concluding that Abbott is an Authorized Third Party, but then does not address the remaining prevailing contract provisions relevant to this matter. *See Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 964 (5th Cir. 1999) (reversing magistrate judge's decision as incorrect where he improperly interpreted a contract).

██████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

█████████████████ As Abbott noted in its Motion to Dismiss, (Dkt. 47 at 7; Dkt. 112 at 3), this language is unequivocal.  The Report finds that Abbott is in fact an Authorized Third Party and therefore ████████████████ (Dkt. 176 at 3).  But the Report does not address the corresponding implication of the Authorized Third Party finding ████████ Rather, the Report suggests that Abbott may ████████████████ ████████████████████ To resolve this inconsistency, Abbott respectfully seeks reconsideration of the Report and a finding that Abbott ████████ ████████████████████

████████████████████

████████████████████

████████████████████

████████████████████

████████████████████

███████████████ ████████

████████████████████

████████████████████

████████████████████████████ *See*

*Transitional Learning Community at Galveston, Inc. v. United States OPM*, 220 F.3d 427, 431

4

██████████████████████████████████████

(5th Cir. 2000) ("a contract should be interpreted as to give meaning to all of its terms -- presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous"). As a result, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Dkt. 47-2 at ¶ 5; Dkt. 47-5 at 4).

The Report, however, did not at all address ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*See* Dkt. 47 at 9-10; *see also* Dkt. 112 at 3-5). Rather, Estech argued only ███████████████████████████████████████████████████████████████████ (Dkt. 98 at 4). █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

For these reasons, the Court should grant Abbott's motion because "[a] motion to dismiss should also be granted when a successful affirmative defense appears on the face of the pleadings." *Hydril Co., L.P. v. Grant Prideco, L.P.*, 2005 U.S. Dist. LEXIS 18644, at *5 (S.D. Tex. Jun. 22,

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2005) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

      **B.**    **The Report Did Not Address The Merits Of Abbott's 12(b)(3) Argument.**

Abbott also set forth why venue cannot stand in this District under Fed. R. Civ. P 12(b)(3). Specifically, Abbott established that it *does not* engage in allegedly infringing acts in this venue as required under 28 U.S.C. §1400(b). (*See* Dkt. 47 at 11-12). The Report denies Abbott's request for relief under Rule 12(b)(3) but provides no analysis and does not address the evidence presented.

Fed. R. Civ. P. 12(b)(3) authorizes a court to dismiss an action where venue is improper. *Norsworthy v. Mystik Transport, Inc.*, 430 F. Supp. 2d 631, 632 (E.D. Tex. 2006). "Once a defendant raises a 12(b)(3) motion, the burden of sustaining venue lies with the plaintiff." *Id.* Courts determine whether venue is proper is based upon, "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). The Report did not undertake an analysis of these prongs in determining whether venue was proper or improper in this matter.

As explained in Abbott's Motion to Dismiss and its Reply, the patent venue statute, 28 U.S.C. § 1400(b) provides two bases for venue, neither of which are satisfied here. (Dkt. 47 at 11-12; Dkt. 112 at 6-8). *First*, Abbott does not "reside" in Texas. (Domestic corporations only reside in its state of incorporation and Abbott is incorporated in Illinois). *Second*, Abbott has not committed acts of infringement in this District. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* Dkt. 47 at 11-12; Dkt. 47-2 at ¶ 5). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In fact, Estech undertook no jurisdictional discovery in responding to Abbott's venue argument and evidence, and accordingly, offered no

6

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

evidence in its opposition or sur-reply to rebut Abbott's undisputed testimony. (*See, e.g.*, Dkt. 47-2). Simply put, Estech cannot meet its burden to sustain venue in this District.

Estech's sur-reply underscored the lack of any applicable infringing act in this District as Estech asserted ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬

Because the Report does not address the merits of this issue, Abbott respectfully requests that this Court should review the Report and its corresponding conclusions based on the underlying filings.

## IV. CONCLUSION

For the foregoing reasons, Abbott respectfully requests that the District Court review and reconsider the Magistrate Judge's September 23, 2022, Report and Recommendation and grant Abbott's Motion to Dismiss because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬ and at the very least, venue is not proper in this District.

Dated: October 7, 2022   Respectfully submitted,

By: */s/ Kal K. Shah*
Kal K. Shah
Samuel J. Ruggio (*pro hac vice*)
Benesch Friedlander
    Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

█████████████████████████████

Tel: (312) 212-4979
kshah@beneschlaw.com
sruggio@beneschlaw.com

Eric Hugh Findlay
Texas State Bar No. 00789886
Findlay Craft PC
102 N. College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1137
efindlay@findlaycraft.com

***Attorneys for Defendant Abbott Laboratories***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2022, the undersigned caused a copy of the foregoing document to be served on all counsel of record via CM/ECF, pursuant to the Federal Rules of Civil Procedure.

*/s/ Kal K. Shah*
Kal K. Shah

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing sur-reply contains information and documents designated as CONFIDENTIAL and/or RESTRICTED – ATTORNEYS' EYES ONLY under the Protective Order in this case.

*/s/ Kal K. Shah*
Kal K. Shah