**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC, | C.A.  2:21-cv-00473-JRG-RSP |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | LEAD CASE |
| MITEL NETWORKS, INC., | |
| Defendant. | |
| ESTECH SYSTEMS IP, LLC, | C.A.  2:21-cv-00476-JRG-rsp |
| Plaintiff. | CONSOLIDATED CASE |
| v. | |
| ABBOTT LABORATORIES, | |
| Defendant. | |

**PLAINTIFF ESTECH SYSTEMS IP, LLC'S RESPONSE TO ABBOTT'S OBJECTION
TO THE SEPTEMBER 23, 2022, REPORT AND RECOMMENDATION**

PUBLIC VERSION

## I.     INTRODUCTION

Plaintiff Estech Systems IP, LLC ("Estech") submits this response to Abbott Laboratories' ("Abbott") Objection to the Magistrate Judge's September 23, 2022, Report and Recommendation. Dkt. No. 176, the "Report and Recommendation."  Abbott's Objection merely repeats the unpersuasive arguments that the defendant made in its motion to dismiss briefing, so Estech respectfully requests that the Court adopt the Report and Recommendation, which denied Abbott's motion to dismiss.

## II.    ARGUMENT

Abbott moved to dismiss this case on two grounds under Rule 12(b)(3) and (6).  *See* Dkt. No. 47.  The Report and Recommendation found neither argument persuasive and recommended that Abbott's motion to dismiss should be denied.  *See* Dkt. No. 176.  Abbott objects to both findings in the Report and Recommendation.

### A.     The Report and Recommendation Correctly Found that █████████ ██████████████████████ **Does Not Release Abbott from Estech's Claims of Infringement.**



It is Abbott's insupportable position ██████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████  The Report and Recommendation correctly found that Abbott's argument rests on a misreading ████████

██████████████████████████████  to manufacture a shield against liability for its infringing acts.  *See* Report and Recommendation at 2-3.

The Objection argues that although Magistrate Judge Payne found that Abbott ███ ████████████████████████████████ "the Report did not address the corresponding import of this conclusion ████████████████████████████████████ nor "Abbott's position that ████████████████████████████ Objection at 3.  Abbott contends that ████████████████ it cannot be held liable for "<u>any claim</u> of infringement for patents."  Objection at 4 (emphasis added).  Abbott is mistaken.

Magistrate Judge Payne addressed both the relevant definitions from the Agreement and ████████████████████████████████ *See* Report and Recommendation at 2.  The Report and Recommendation specifically analyzed the █████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████ *Id*. (emphasis added).  In the context of those definitions, the Report and Recommendation then properly considered ███████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████ *Id.* (emphasis added).  And as stated in the Report and Recommendation, Abbott's interpretation of ████████████████ of the Agreement is unfounded.  *See* Report and Recommendation at 2. The provisions of the Agreement explicitly █████████ Abbott from acts of infringement committed ████████████████ *See* Dkt. No. 47-5 at ¶ 2.3 ███████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████ (emphasis added).

**PUBLIC VERSION**

The plain language of the Agreement supports the Report and Recommendation's finding

that Abbott ███████████████ for all infringing systems. ██████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ Dkt. No.

47-5 at ¶ 3.1 (emphasis added).  The ████████████ does not extend to all infringing systems,

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████ (emphasis added).  Abbott's infringement ████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

Abbott contends that Estech's construction of the Agreement renders provisions of the

Agreement superfluous.  Objection at 4-5.  But it is <u>Abbott's</u> flawed definition of ████████

████████ that renders other provisions in the Agreement superfluous, not Estech's plain-language

reading of the Agreement.  Abbott argues that its ████████████████████████████████

████████████████████████████████████████████████████████████████████████

────────────────────────

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

**PUBLIC VERSION**



But Abbott's position

is inconsistent with the language of the Agreement, which defines

as

Dkt. No. 47-5 at ¶ 1.4 (emphasis added).  As the definition in the Agreement makes clear,

*See id*.  Under Abbott's

nonsensical interpretation of the Agreement,

As a result, Estech would be left without

any recourse

Abbott's interpretation ignores common sense, as well

as

(emphasis added).

**PUBLIC VERSION**

Even if the Court were to determine that there are ambiguities in the Agreement, Abbott's

motion to dismiss should still be denied, because it is not the proper vehicle for resolving

contractual ambiguities.    *See Fraunhofer-Gesellschaft Zur Förderung Der Angewandten*

*Forschung E.V. v. Sirius XM Radio Inc.*, 940 F.3d 1372, 1381-82 (Fed. Cir. 2019) ("Where, as

here, a contract is ambiguous, courts must consider extrinsic evidence of the surrounding

circumstances to determine the intent of the parties. . . . This issue cannot be properly resolved on

a motion to dismiss and remand is necessary to enable the parties to establish an appropriate record

and for the district court to make necessary factual findings") (citations omitted) (emphasis added).

Therefore, Abbott's motion to dismiss should be denied as recommended by the Report and

Recommendation.

> **B.**      **The Report and Recommendation Correctly Found that Abbott Failed to**
> **Overcome the Allegations that it Infringes in this District** ███████████
> ███████████████████████████

In its motion to dismiss, Abbott unpersuasively argued that "[a]s a result of ███████████

███████ Estech cannot show that any of the acts prior to or after its complaint are 'acts of

infringement' required under [the patent venue statute], and accordingly, Estech's complaint must

be dismissed for improper venue." Dkt. No. 47, at 12.  Abbott's persistent misconstruction of the

scope of the Agreement leads to its erroneous assertion that Estech has failed to establish venue.

Venue is proper under the second prong of § 1400(b) "where the defendant has committed

acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

"In assessing whether a defendant has committed an act of infringement within the District, an

allegation of infringement—even if contested—is sufficient to establish venue is proper."

*Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS

193581, at *24-25 (E.D. Tex. Nov. 22, 2017) (Gilstrap, J.) (emphasis added); *Hammers v. Mayea-*

*Chang*, No. 2:19-CV-00181-JRG, 2019 U.S. Dist. LEXIS 213039, at *10 (E.D. Tex. Dec. 10, 2019) (Gilstrap, C.J.) (when evaluating a motion to dismiss, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."). Estech alleges that "Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c)." Dkt. No. 1, at ¶ 4. Abbott admits that it "operates a facility at 6600 Pinecrest Drive, Plano, Texas 75024." Dkt. No. 47, at 1-2. The Report and Recommendation, therefore, properly found venue was established because Abbott's arguments do not overcome Estech's well-pled allegations. Report and Recommendation at 3 ("Abbott has not overcome the clear allegations that it infringes in this District ▅▅▅▅▅▅

▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

   Abbott's Objection seeks to apply summary judgment standards to its motion to dismiss. Such a ruling is premature and unsupported by the record. Abbott essentially argues that Magistrate Judge Payne did not address the merits of the venue issue, despite the fact that he ruled on it. *See* Objection at 7. The Report and Recommendation is concise and to the point: "Abbott has not overcome the clear allegations that it infringes in this District ▅▅▅▅▅▅▅▅

▅▅▅▅▅▅▅▅▅▅▅ Report and Recommendation at 3. Both sides thoroughly briefed this issue, and the Report and Recommendation expressly concluded that Abbott's arguments were unfounded. *See* Dkt. Nos. 47, 98, 112, and 136; Report and Recommendation at 3. The length of Magistrate Judge Payne's analysis on the subject is proportional to the merits of Abbott's argument. Abbott's call to rule prematurely ▅▅▅▅▅▅▅▅▅ was properly rejected by Magistrate Judge Payne. *See Intellectual Ventures II*, 2017 U.S. Dist. LEXIS 193581, at *24-25 (the "issue of infringement is not reached on the merits in considering venue requirements" and "an allegation of infringement—<u>even if contested</u>—is sufficient to establish venue is proper.") (emphasis added); *Hammers*, 2019 U.S. Dist. LEXIS 213039, at *10 (when evaluating a motion

to dismiss, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor

of the plaintiff."). Therefore, Abbott's motion to dismiss should be denied as recommended by

the Report and Recommendation.

## III.   CONCLUSION

For the foregoing reasons, Estech respectfully requests that the Court adopt the Report and

Recommendation in its entirety.


Dated: October 21, 2022                                    Respectfully submitted,


                                                          By: */s/ Fred I. Williams*
                                                          Fred I. Williams
                                                          Texas State Bar No. 00794855
                                                          Michael Simons
                                                          Texas State Bar No. 24008042
                                                          WILLIAMS SIMONS & LANDIS PLLC
                                                          The Littlefield Building
                                                          601 Congress Ave., Suite 600
                                                          Austin, TX 78701
                                                          Tel: 512-543-1354
                                                          fwilliams@wsltrial.com
                                                          msimons@wsltrial.com

                                                          Todd E. Landis
                                                          State Bar No. 24030226
                                                          WILLIAMS SIMONS & LANDIS PLLC
                                                          2633 McKinney Ave., Suite 130 #366
                                                          Dallas, TX 75204
                                                          Tel: 512-543-1357
                                                          tlandis@wsltrial.com

                                                          John Wittenzellner
                                                          Pennsylvania State Bar No. 308996
                                                          WILLIAMS SIMONS & LANDIS PLLC
                                                          1735 Market Street, Suite A #453
                                                          Philadelphia, PA 19103
                                                          Tel: 512-543-1373
                                                          johnw@wsltrial.com

                                                          *Attorneys for Plaintiff Estech Systems IP, LLC*

**PUBLIC VERSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2022, the undersigned caused a copy

of the foregoing document to be served on all counsel of record, via electronic mail and the Court's

CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

I hereby certify that the foregoing response contains information and documents designated

as CONFIDENTIAL and/or RESTRICTED – ATTORNEYS' EYES ONLY under the proposed

Protective Order in this case.

*/s/ Fred I. Williams*
Fred I. Williams
