IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC, § § *Plaintiff,* § § v. § § MITEL NETWORKS, INC., § § *Defendant.* § § § | Case No. 2:21-CV-00473-JRG-RSP (Lead Case) |

## MEMORANDUM ORDER

Before the Court, plaintiff Estech Systems IP, LLC moves for leave to serve its first supplemental infringement contentions on defendants Fiserv, Inc. and Fiserv Solution, LLC ("Fiserv"). **Dkt. No. 225**. The motion is fully briefed. Dkt. Nos. 237 (response), 250 (reply), and 272 (sur-reply).

**I.     Background**

On December 31, 2021, Estech filed suit against Fiserv alleging patent infringement of U.S. patents generally directed to voice over internet protocol ("VoIP") telephone systems. Dkt. No. 1. On March 2, 2022, Estech served infringement contentions alleging that Fiserv's use of VoIP products and services infringed the patents in suit. On April 8, 2022, Estech served its first set of interrogatories.

Interrogatories Nos. 1, 2, and 4, and responses thereto, are at the heart of the instant motion. The interrogatories read:

> INTERROGATORY NO. 1:
> Identify each VoIP Telephony Device (as defined in Definition No. 13) that was or will be made, created, configured, acquired, put into service, used, offered for sale, or sold by or for Defendant, within the United States, or imported into the United States by or for Defendant during the Relevant Time Period.

1

> INTERROGATORY NO. 2:
> Identify each VoIP Telephony Service (as defined in Definition No. 12), including identifying any and all third-party service providers of such VoIP Telephony Services, that has provided or will provide VoIP functionality (i.e., voice calling, voicemail, or Directory Services) to Defendant's VoIP Telephony Device(s) identified in response to Interrogatory No. 1 during the Relevant Time Period.
>
> …
>
> INTERROGATORY NO. 4:
> Describe Your VoIP Telephony Devices identified in response to Interrogatory No. 1, including (i) the number of each such VoIP Telephony Device that were or will be made, created, configured, acquired, put into service, used, offered for sale, sold, within the United States, or imported into the United States by or for Defendant; (ii) the physical location(s) where each such VoIP Telephony Devices was or will be made, created, configured, acquired, put into service, used, offered for sale, sold, within the United States, or imported into the United States by or for Defendant; (iii) the date range(s) during which each such VoIP Telephony Device was or will be made, created, configured, acquired, put into service, used, offered for sale, sold, within the United States, or imported into the United States by or for Defendant; (iv) the VoIP functionality (i.e., voice calling, voicemail, or Directory Services) that was or will be used by, accessed by, available to, or for which each such VoIP Telephony Device was configured to use; (v) the number of Connected Network Devices (as defined in Definition No. 15) that were or will be coupled to each such VoIP Telephony Device; and (vi) the VoIP Telephony Service(s) identified in response to Interrogatory No. 2 that were or will be used by, accessed by, available to, or for which each such VoIP Telephony Device was configured to use.

Dkt. No. 99-1 pp 3-4 & 6.

On May 20, 2022, Fiserv served its first response identifying the use of Genesys Cloud IVR and Nuance Fraud Alerts. On November 3, 4 and 7, 2022, Estech contacted Fiserv to determine whether Fiserv would oppose service of a supplemental infringement contention. On November 10, 2022, Fiserv informed Estech that it would oppose the supplement. The following day, Estech filed the instant motion.

Estech asserts that "Fiserv revealed critical information regarding its use of Genesys VoIP services in its answers to Estech's first set of interrogatories on May 20, 2022. Estech's supplemental infringement contentions add only that issue—Estech's infringement theory for the Asserted Patents as it pertains to Fiserv's use of Genesys VoIP services." Dkt. No. 225 p 4. Fiserv

opposes claiming (1) the nearly six-month delay from May 22, 2022, when responses where served to November 11, 2022, when the instant motion was filed precludes a finding of good cause to serve the supplement, and (2) the supplement includes products and services not identified in discovery, from Avaya and a host of additional manufacturers. Exhibits attached to the instant motion highlight the changes Estech made to the infringement contentions. Dkt. Nos. 225-6, 225-7, 225-8, 225-9, and 225-10.

## II.     Law and Analysis

"Amendments or supplementation of any Infringement Contentions" for reasons unrelated to claim construction "may be made only by order of the Court, which shall be entered only upon a showing of good cause." Local Patent Rule 3-6(b).

The Court considers the following factors: (A) the explanation for the failure to meet the deadline; (B) the importance of the amendment; (C) potential prejudice in allowing the amendment; and (D) the availability of a continuance to cure such prejudice. See, *e.g.*, *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Implicit to the first factor is a showing of diligence. See, *e.g.*, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id*. The undersigned has applied this framework under similar circumstances. See, *e.g.*, *Arigna Tech. Ltd. v. Volkswagen AG*, No. 221-CV-00054-JRG-RSP, 2022 WL 2761288, at *1 (E.D. Tex. Jan. 19, 2022).

### A.     Explanation

Estech rather generally asserts that it "worked diligently to supplement its infringement contentions" after May 22, 2022, when Fiserv served its answers to interrogatories. Dkt. No. 220 pp 4-5.

### B.     Importance

Estech argues that the supplement is important because Fiserv used Genesys services during the entire damages period of this case and because expert infringement reports are limited to those theories provided in the infringement contentions. Dkt. No. 220 p 5 (citing *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302, at *4 (E.D. Tex. Mar. 21, 2016)). Estech further argues that denying supplementation would effectively penalize Estech.

Fiserv argues the scope of the changes in the supplement are predominantly unrelated to any information disclosed in discovery and thus "contrary" to Estech's claimed purpose to capture only those products and services identified in discovery. Dkt. No. 237 pp 4-5. Fiserv then argues that because the products and services are untied to discovery and the supplement is devoid of analysis as to how or even if said products and services are used by Fiserv, the supplement is not important because it does not "serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim." *Id*. (citing *Core Wireless*, 2016 WL 3655302, at *1).

### C.     Prejudice

Estech argues that Fiserv will not be prejudiced by the entry of the supplement claiming that the implementation of Genesys operates in substantially the same way as the implementation of Avaya described in the initial infringement contentions. Dkt. No. 225 pp 5-6.

The Court notes that fact discovery ends April 3, 2023.

### D.     Continuance

Estech contends that a continuance is not necessary in the absence of prejudice, but available if the Court finds its existence. Estech's case against Fiserv is consolidated for pre-trial

4

purposes with several other cases, a *Markman* hearing held in a consolidated fashion with the other six defendants is scheduled for February 22, 2023, and the case between Estech and Fiserv is scheduled for trial July 24, 2023. Due to the consolidated nature of the case and the timing of the motion, continuance of either the *Markman* hearing, the trial, or any other unexpired deadline is not desirable. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 537 (5th Cir. 2003) ("In view of district judges' 'power to control their dockets by refusing to give ineffective litigants a second chance to develop their case,' *Reliance Ins.* [*Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir.1997)], we conclude that it was within the judge's sound discretion not to grant a continuance.").

### III. Conclusion

Although Estech's showing of diligence is thin, the amount of time remaining before claim construction and the close of fact discovery when the supplement was served undermines any prejudice Fiserv may endure.

Accordingly, Estech's motion for leave to serve first supplemental infringement contentions, **Dkt. No. 225**, is **GRANTED**.

**SIGNED this 17th day of January, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

5