**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00473-JRG-RSP |
| | § | (LEAD CASE) |
| MITEL NETWORKS, INC., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants'[1] Motion for Leave to Serve First Supplemental Invalidity Contentions. **Dkt. No. 306**.[2] For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

On December 30, 2021, Plaintiff Estech Systems IP, LLC filed suit for patent infringement of U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), 7,123,699 (the "'699 Patent"), 6,067,349 (the "'349 Patent") against service provider Mitel Networks, Inc. and multiple customers consolidated in this case.[3] The Court granted a motion for a partial stay as to the '298 and '349 Patents due to proceedings before the Patent Trial and

---

[1] Defendants Mitel Networks, Inc.; Abbott Laboratories; Fiserv, Inc. and Fiserv Solutions, LLC (together, "Fiserv"); Randstad US LLC and Randstad Professionals US, LLC (together, "Randstad"); and Marriott International, Inc. (collectively, "Defendants").

[2] The motion was filed on behalf of additional defendants that have since dropped out of the case, including SoFi Lending Corp. and Social Finance, Inc., SoFi Mortgage, LLC (dissolved), Primoris Services Corp. and Primoris Design & Construction, Inc., First American Financial Corp., and Republic Title of Texas, Inc.

[3] Dkt. No. 1; *see e.g.*, Case No. 2:21-CV-00476 (against Abbott Laboratories), Case No. 2:21-CV-00477 (against Fiserv, Inc. and Fiserv Solutions, LLC), Case No. 2:21-CV-00479 (against Randstad US LLC and Randstad Professionals US LLC), Case No. 2:21-CV-00480 (against Marriott International, Inc.), Case No. 2:21-CV-00481 (against Primoris Services Corporation and Primoris Design & Construction, Inc.), Case No. 2:21-CV-00485 (against SoFi Technologies, Inc., SoFi Mortgage, LLC, SoFi Lending Corp., and Social Finance, Inc.), Case No. 2:22-CV-00002 (against The Charles Schwab Corporation and Charles Schwab & Co. Inc.), Case No. 2:22-CV-00003 (against BMW of North America, LLC), Case No. 2:22-CV-00005 (against Petco Health and Wellness Company, Inc., Petco Animal Supplies, Inc., and Petco Animal Supplies Store. Inc.), Case No. 2:22-CV-00007 (against First American Financial Corporation and Republic Title of Texas, Inc.).

Appeals Board.[4] Now, the patents-in-suit include the '684 Patent, and the '699 Patent (together, "Asserted Patents"). The Asserted Patents generally relate to information processing systems, and in particular, the use of voice over internet protocol (VoIP) technology to transmit voice conversations.

The following dates and events pertain to the motion before the Court:

- **March 2, 2022:** Estech produced four documents to Defendants that describe the Estech Systems, Inc. IP Feature Phone—one of the products that Defendants now seek to add to their invalidity contentions;
- **April 27, 2022:** Defendants served their invalidity contentions in accordance with the deadline in the original Docket Control Order (Dkt. No. 113 at 4);
- **June 2022:** Defendants served their invalidity contentions in the related case *Estech v. Carvana*, 2:21-cv-00482-JRG-RSP (E.D. Tex. Feb. 27, 2023) that included four prior art references ("Carvana References") Defendants seek to add now;
- **December 2022:** Third-party Avaya disclosed additional prior art ("Lucent Technologies Releases") pursuant to Estech's subpoena;
- **February 16, 2023:** Defendants filed the Motion for Leave to Serve First Supplemental Invalidity Contentions (Dkt. No. 306);
- **April 3, 2023:** The deadline for fact discovery set forth in the Docket Control Order (Dkt. No. 113 at 3); and
- **April 10, 2023:** The deadline for Defendants to serve their invalidity report in accordance with the opening expert report deadline in the Docket Control Order (Dkt. No. 113 at 3).

Defendants seek to amend their invalidity contentions in three ways: (1) to expressly identify one Estech product—the IP Series Feature Phone IP 200/IP 40—as a prior art reference to the '699 Patent, (2) to add the Carvana References, which include U.S. Patent Nos. 6,600,737 ("Lai '737") and 6,744,767 ("Chiu '767") as references to the '684 Patent, and U.S. Patent Nos.

---

[4] Order Granting-in-part the Motion to Stay, Dkt. No. 198.

5,608,786 ("Gordon '786") and 6,704,394 ("Kambhatla '394") as references to the '699 Patent, and (3) to include the Lucent Technologies Releases as prior art to the '699 Patent.[5]

## II.     LAW

Under the Local Patent Rules for the Eastern District of Texas, a party's invalidity contentions are final, subject to a few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has approved district courts requiring "a showing of diligence" to establish "good cause" in this context. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (agreeing with the Northern District of California that a showing of "good cause" to amend contentions under N.D. Cal.'s local patent rules requires a showing of diligence).

Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## III.     ANALYSIS

Have Defendants established good cause to amend their invalidity contentions? The Court holds that they have not as to any of the proposed references.

---

[5] Defendants' Reply, Dkt. No. 319 at 2; Defendants' Amended Invalidity Contentions (Redline), Dkt. No. 306-2 at 35–36.

### A.      IP Series Feature Phone

The first factor weighs against the amendment to add the IP Series Feature Phone and the Carvana References because Defendants lacked diligence and inadequately explained their failure to meet the deadline. Estech produced the four documents describing the IP Series Feature Phone on March 2, 2022. Defendants sought leave to amend their invalidity contentions and add the IP Series Feature Phone on February 16, 2023. Defendants assert they were diligent in sifting through nearly 19,000 documents that Estech produced throughout the summer of 2022, but they did not discover the IP Series Feature Phone documentation until Defendants reviewed the IVX 128 documents.[6] Defendants had more than eleven months to identify the product they now seek to add to their invalidity contentions. The only explanation is that they did not devote the resources necessary to review the discovery on a timely basis. Defendants are correct that the facts here are different than in the *Estech v. Carvana* case. But the important distinction for the diligence analysis is that Defendants had eleven months to sift through discovery in this case, whereas they had eight months to sort through discovery in the *Carvana* case. Therefore, Defendants clearly were not diligent in seeking to amend their invalidity contentions to add the IP Series Feature Phone. While the lack of diligence alone is sufficient to deny Defendants' motion as to the IP Series Feature Phone, the Court nevertheless addresses the remaining factors, which lead to the same conclusion.

The second factor weighs slightly against allowing the amendment because the addition of the IP Series Feature Phone "further proves" invalidity and is minimally unique to the references already identified. *MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287, 2013 WL 3833079, at *3 (E.D. Tex. July 23, 2013); *Tech. Pharmacy Servs. LLC, v. Alixa Rx LLC*, 2017 WL 2833460, at *4 (E.D. Tex. Jan. 19, 2017) ("If the amendment merely 'further proves'

---

[6] Defendants' Motion, Dkt. No. 306 at 3.

Defendants' contentions, it follows that the amendment is not necessary, if not completely unimportant, in presenting Defendant's case."). Defendants already contend the claims of the '699 Patent are invalid as allegedly being obvious, but the addition of the IP Series Feature Phone "makes explicit what was heretofore only implicit in the IVX 128."[7] Further, Defendants concede that the IP Feature Phone "was a nearly identical extension of another Estech product (the IVX 128) already identified in the current invalidity contentions, with the only relevant difference being the use of VoIP rather than traditional audio channels." *Uniloc 2017 LLC v. Google LLC*, 2020 U.S. Dist. LEXIS 25675, *10 (E.D. Tex. Jan. 16, 2020) (Gilstrap C.J.) ("[I]n the context of prior art, the importance of a given reference rises in proportion to the uniqueness of its substantive disclosures relative to other, previously-disclosed prior art").[8] A reference is not automatically important because it qualifies as an anticipation reference that fills a small obviousness hole. Defendants admitted that the IP Series Feature Phone is "nearly identical" to the IVX 128. And Defendants are bound by their admission undermining the importance of their proposed amendment.

The third factor also weighs slightly against allowing the amendment to add the IP Series Feature Phone because the amount of time remaining before the close of fact discovery and expert reports reduces the prejudice to Estech. Defendants filed the motion six days before claim construction, six weeks before the end of fact discovery, and about two months before opening expert reports. A late amendment to invalidity contentions undoubtedly prejudices Estech. But the additional time for Estech to investigate the references mitigates the prejudice. Similarly, the small difference between the IVX 128 and the IP Series Feature Phone further downplays the prejudice.

---

[7] Defendants' Motion, Dkt. No. 306 at 7.
[8] *Id.* at 5.

The fourth factor minimally affects the analysis because Estech contends a continuance is neither available nor warranted.[9] In sum, Defendants lacked the requisite diligence to add the IP Series Feature Phone, and the factors further support its exclusion.

### B.  Carvana References

As for the Carvana References, the first factor weighs against their addition to Defendants' invalidity contentions because Defendants have been aware of them since June of 2022.[10] Defendants assert their seven-month delay in seeking to add them to this case was not purposeful and should be excused because it resulted from "an inadvertent oversight that occurred by virtue of a complex Joint-Defense Group."[11] Defendants' inability to provide a remotely adequate justification for the delay demonstrates that they clearly lacked diligence in discovering and disclosing the Carvana References. Further, the remaining factors lead to the same conclusion.

The second factor weighs against the amendment because Defendants fail to explain the importance of the Carvana References. Defendants assert the four additional references present "entirely new grounds of invalidity based on a new combination of references" and streamline "matters here to comport with those in co-pending matters."[12] Additional references that enable new combinations on obviousness grounds do little more than "further prove" the obviousness grounds already in their contentions. *Tech. Pharmacy Servs. LLC*, 2017 WL 2833460, at *4. Therefore, Defendants have failed to establish the importance the Carvana References, which weighs against their inclusion in this case.

---

[9] Estech's Reresponse, Dkt. No. 315 at 11.
[10] Defendants' Motion, Dkt. No. 306 at 5.
[11] *Id.* at 6.
[12] *Id.* at 7.

The third factor weighs slightly against allowing Defendants to add the Carvana References because the amount of time remaining before the close of fact discovery and expert reports undermines the prejudice to Estech. The amendment would definitely prejudice Estech. But the timing of the request relative to other important case deadlines mitigates the prejudice.

The fourth factor minimally affects the analysis because Estech asserts a continuance is neither available nor warranted.[13] In sum, Defendants lacked the requisite diligence to add the Carvana References, and the factors further support their exclusion.

### C.  Lucent Technologies Releases

The third and final group of references Defendants seek to add to their invalidity contentions are the Lucent Technologies Releases. The first factor weighs against allowing the amendment to add the releases to this case because Defendants again were not diligent. Defendants assert that the first time either party learned of the public availability of these releases was when Estech deposed a third-party Avaya witness, Christopher Baldwin, in *Estech v. Carvana* on December 20, 2022.[14] Defendants contend that they "were not certain that the particular centralized voicemail features disclosed in the Lucent prior art were public and qualified as prior art until Baldwin's deposition."[15] But Estech correctly notes that Defendants' invalidity contentions served on April 27, 2022 identify "Lucent Technologies" as one of several companies that developed VoIP telephone solutions, and Defendants cited six different Lucent Technologies documents as non-patent prior art in an exhibit to those invalidity contentions.[16] Defendants' assertion that they were diligent is belied by the fact that they waited until Estech served a subpoena and then deposed Mr. Baldwin to determine the public availability of the

---

[13] Estech's Reresponse, Dkt. No. 315 at 11.
[14] Defendants' Motion, Dkt. No. 306 at 2–3.
[15] Defendants' Reply, Dkt. No. 319 at 4.
[16] Estech's Response, Dkt. No. 315 at 6–7.

Lucent Technologies Releases. Defendants should have investigated the date the releases were publicly available if they intended to use them as prior art references. Waiting more than nine months to address that question and then finding the answer by happenstance is antithetical to the diligence requirement. In addition to a lack of diligence, the remaining factors support denying the motion as to the Lucent Technologies Releases.

The second factor weighs against the amendment because Defendants fail to explain the importance of the Lucent Technologies Releases. Defendants assert the releases present "a new invalidity ground and discloses a commercial centralized voice mail system that closely tracked (if not expressly taught) the '699 patent far earlier than other commercial art being relied upon."[17] The inclusion of prior art that existed at an earlier date than art being relied upon does little more than "further prove" the invalidity theory timely added to the invalidity contentions. *Tech. Pharmacy Servs. LLC*, 2017 WL 2833460, at *4. Therefore, Defendants have not demonstrated the importance the Lucent Technologies Releases, which weighs against their inclusion.

Similar to the other references Defendants seek to add, the third factor weighs slightly against allowing Defendants to add the Lucent Technologies Releases because the amount of time remaining before the close of fact discovery and expert reports reduces the prejudice to Estech.

The fourth factor hardly affects the analysis because Estech asserts that a continuance is neither available nor warranted.[18] In sum, Defendants lacked the requisite diligence to add the Lucent Technologies Releases, and the factors further support their exclusion.

---

[17] Defendants' Reply, Dkt. No. 319 at 5–6.
[18] Estech's Response, Dkt. No. 315 at 11.

## IV.     CONCLUSION

For the reasons above, the Court **DENIES** Defendants' Motion for Leave to Serve First

Supplemental Invalidity Contentions in its entirety.

**SIGNED this 4th day of May, 2023.**


ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE