**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ESTECH SYSTEMS IP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-00473-JRG-RSP |
| | ) | (Lead Case) |
| MITEL NETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT MITEL NETWORKS, INC.'S**
**<u>MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES</u>**

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

II.     SUMMARY OF THE ARGUMENT ...........................................................................2

     A.      Estech Did Not Comply with 35 U.S.C § 287 as to the '684 Patent ......................2

     B.      Estech Cannot Prove the Mental State Required for Pre-Suit Indirect Infringement ..........................................................................................................................4

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................................5

IV.     LEGAL STANDARDS ..............................................................................................6

     A.      Summary Judgment Standard ...............................................................................6

     B.      Availability of Pre-Suit Damages Under 35 U.S.C § 287 ......................................7

     C.      Pre-Suit Indirect Infringement Requires Pre-Suit Knowledge ...............................8

          i.      Inducement ................................................................................................8

          ii.     Contributory Infringement .........................................................................8

V.      ARGUMENT ...........................................................................................................8

     A.      Estech Did Not Plead Compliance with the Marking Statute, and Is Precluded From Recovering Pre-Suit Damages .....................................................................9

     B.      Estech Cannot Recover Past Damages for the '684 Patent Because It Did Not Comply With 35 U.S.C. § 287 .............................................................................10

          i.      Estech Did Not Provide Constructive Notice For the '684 Patent.............10

          ii.     Estech Did Not Provide Actual Notice for the '684 Patent ......................13

     C.      The ███████████ Does Not Provide Notice To Support Pre-Suit Indirect Infringement Liability ...........................................................................................15

     D.      Mitel Cannot Have Contributorily Infringed the '699 Patent or '684 Patent Because The Accused Instrumentalities Have Substantial Non-Infringing Uses ..16

VI.     CONCLUSION......................................................................................................18

**TABLE OF AUTHORITIES**

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Estech Systems IP, LLC ("Estech" or "Plaintiff") filed this case against Defendant

Mitel Networks, Inc. ("Mitel" or "Defendant") on December 30, 2021 asserting U.S. Patent Nos.

8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), 6,067,349 (the "'349 Patent"), and

7,123,699 (the "'699 Patent").   Between the filing of the Complaint and the instant Motion, the

'349 Patent and the '298 Patent were invalidated in *inter partes* review. *See RingCentral, Inc. v.

Estech Systems IP, LLC*, IPR2021-00572, paper 30 (Oct. 4, 2022) ('349 Patent) and *RingCentral,

Inc. v. Estech Systems IP, LLC*, IPR2021-00574, paper 30 (Oct. 3, 2022) ('298 Patent).   The

remaining patents at issue are the '684 Patent and the '699 Patent (collectively, the "Patents-in-

Suit" or the "Asserted Patents").

This Court has invested substantial effort in summary judgment motions by Estech and

various other defendants, and Mitel does not seek here to retread old ground.   But because Mitel

is the only *equipment manufacturer* Estech has ever sued for patent infringement, the issues in this

Motion are unique to Mitel and are different in very important ways from the issues this Court has

dealt with in other Estech cases.

Germane to this Motion, Estech asserts only indirect infringement of the '699 Patent, as

Mitel is a *manufacturer* of VoIP equipment.   Each asserted claim of the '699 Patent is either a

method claim that can only be infringed when an end user builds and uses a system, or is a system

claim that requires a particular network configuration that is created by an end user (and does not

exist when Mitel sells the accused products).

Estech asserts only indirect infringement for all but one claim (*i.e.*, apparatus Claim 47) of

the '684 Patent.   For all but Claim 47, the reason is the same as for the '699 Patent:   even under

Estech's allegations, direct infringement can only occur when a user constructs and uses a full

VoIP system.  Claim 47, the only claim in this case Estech asserts that Mitel directly infringes, is directed to an "IP telephony device comprising: an input data port…circuitry for communicating information to and from the IP telephony device; [and] circuitry for sufficiently throttling the data."

In this Motion, Mitel asks the Court to recognize that the undisputed facts show that damages *cannot have begun* until Estech filed the Complaint in this case on December 30, 2021. Estech did not comply with 35 U.S.C. § 287 as it pertains to the '684 Patent, and there is no evidence of notice to support a finding of indirect infringement prior to the filing of the Complaint for either of the Asserted Patents.  Summary judgment of no pre-suit damages is appropriate.

## II.    SUMMARY OF THE ARGUMENT

### A.    Estech Did Not Comply with 35 U.S.C § 287 as to the '684 Patent

Estech cannot recover '684 Patent damages before the filing of this case because it cannot carry its burden to show compliance with 35 U.S.C. § 287.  Estech never alleged that it provided actual notice to Mitel to satisfy 35 U.S.C. § 287(a) until the filing of the Complaint in the instant case—it did not.  Estech also failed to provide constructive notice per 35 U.S.C. § 287(a).

During the fact discovery period, Mitel identified in its interrogatories two Estech products that Mitel believes practice the Claim 47 of the '684 Patent: ESI Communications Server and ESI eCloud PBX.  The identified products include IP telephony devices as described by Claim 47 of the '684 Patent and are unmarked with the '684 Patent.  Since Mitel surpassed the "low" burden of production to identify practicing (unmarked) products, the burden of proof shifted to Estech "to prove the products identified do not practice the patented invention" if Estech wishes to obtain pre-suit damages.  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) ("*Arctic Cat I*").  That is, it is now Estech's "burden of proving…either actual notice or constructive notice."  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)).  Estech cannot carry that burden.

The operative Complaint neither alleges constructive notice by marking, nor does it identify any actual notice pre-filing.

On the last day of fact discovery, Estech stated in response to Interrogatory No. 5 that "Estech does not intend to rely on the assertion that its instrumentalities practice the Asserted Patents."  (Ex. A (Estech's First Supplemental Responses to Mitel's First Set of Interrogatories (Nos. 1-5)) at 17).

Mitel submitted a rebuttal expert report on May 1, 2023, explaining why the Estech ESI Communications Server product practices at least Claim 47 of the '684 Patent.  (Ex. B (Expert Report of Walt Magnussen Jr. Regarding Estech's Practicing Products)).

Estech has no expert testimony or other evidence on this point.

At trial on this matter, the jury will hear from Dr. Magnussen (and only Dr. Magnussen) about the technical issue of why Estech practices the '684 Patent, and he will offer his technical analysis to show why Estech cannot carry its preponderance burden with regard to past damages.

The only pre-suit material Estech has ever identified (directly or by inference) for any putative notice is a September 3, 2020 letter from a Mitel customer to Mitel ███████ ████████████████████████████████████████  Mitel discusses this letter in more detail below with regard to indirect infringement, but there is not even a colorable argument that this letter can satisfy 35 U.S.C. § 287.  The letter cannot constitute actual notice as a matter of law because it does not indicate that the ***patentee (Estech) believes the defendant Mitel*** "may be an infringer."  *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001) (emphasis added).  The letter is not from Estech and it does not allege infringement by any Mitel product or device.

Because of its failure to comply with § 287(a) or provide pre-suit notice of the Patents-in-Suit, Estech cannot recover damages before December 30, 2021 for the '684 Patent.

**B.      Estech Cannot Prove the Mental State Required for Pre-Suit Indirect Infringement**

Estech cannot prove that Mitel had the requisite knowledge for indirect infringement prior to the filing of the Complaint, and is thus not entitled to pre-suit damages for the '699 Patent or for any claim other than Claim 47 of the '684 Patent.[1]  In order to prove induced infringement, Estech must first prove that Mitel had knowledge of the Patents-in-Suit and then demonstrate that Mitel had specific intent and action to induce the alleged infringement.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).  And to prove contributory infringement, § 271(c) "requires knowledge of the patent in suit and knowledge of patent infringement." *CFV USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  Estech cannot present facts sufficient to prove either knowledge requirement, and, therefore, cannot prove pre-suit indirect infringement.

Defendant suspects that Estech will attempt to use the ████████████████████ ███████ to Mitel as proof that Mitel possessed the requisite intent for indirect infringement liability and knowledge of infringement for contributory infringement.   However, the ████████████████ is not from Estech, does not contain assessment of the legitimacy of the claims Estech made against ████████████, attaches a complaint that does not reference Mitel, and generally contains a dearth of information that would provide Mitel with the knowledge required to support a finding of indirect infringement liability prior to the filing of the complaint in *this* case.  What is more, after Mitel received the letter, ████████████ signed a license with Estech that provided *substantial* non-infringing uses of the equipment Mitel sells that is accused of infringement here.  Thus, Estech is not entitled to a finding of liability for the '699 patent or for the non-Claim 47 claims of the '684 Patent prior to the filing of this lawsuit.

---

[1] Even if the Court disagrees about Estech's compliance with 35 U.S.C. § 287 for the '684 Patent, this is a separate argument that applies to all claims other than Claim 47 of the '684 Patent.

███████████████████████████████████████████

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    ████████████████████████ has a license to the '699 Patent and the '684 Patent. (Ex. D (███████████████████)).

2.    The use of Mitel phones with ██████████████ (e.g., routers and switches) is licensed pursuant to ████████ with Estech.

3.    Estech has never contended that any of its products practice Claim 47 of the '684 Patent.

4.    During the fact discovery period, Mitel identified the following products from Estech and its predecessors that Mitel contends practiced the Claim 47 of the '684 Patent (but were not marked with the '684 Patent): ESI Communications Server and ESI Cloud PBX and all variants thereof. (Ex. E (Mitel's Second Set of Interrogatories to Estech) at 8).

5.    Estech and its predecessors sold the ESI Communications Server and ESI Cloud PBX prior to the filing of the complaint against Mitel.  (*See* Ex. E (Mitel's Second Set of Interrogatories to Estech) at Ex. A and B).

6.    Estech has stated in discovery in this case that "Estech does not intend to rely on the assertion that its instrumentalities practice the Asserted Patents."  (*See* Ex. A (Estech's First Supplemental Responses to Mitel's First Set of Interrogatories (Nos. 1-5))).

7.    There is no evidence that Estech has marked the ESI Communications Server or the ESI Cloud PBX with the '684 Patent.

8.    Estech has only ever alleged pre-suit knowledge based on a September 3, 2020 letter from ████████████████████████████ (*See* Ex. F (Expert Report of Benedict Occhiogrosso Regarding Infringement) at ¶¶ 88–92).

9.    That September 3, 2020 letter states, ". . . █████████████████████████

5

██████████████████████████████████

███████████████████████████████████████████." (Ex. C (███████

███████████████████)).

10.      The September 3, 2020 letter does not contain a claim chart mapping any patent

claim to any Mitel product. *Id.*

11.      The September 3, 2020 letter is in connection with a lawsuit brought by Estech

against ████████████, not Mitel. *Id.*

12.      Estech did not send a letter to Mitel prior to the filing of the complaint in this case.

13.      Estech never provided Mitel with a claim chart mapping any Mitel product to any

Estech patent prior to the filing of the complaint in this case.

## IV.     LEGAL STANDARDS

### A.     Summary Judgment Standard

This Court may grant summary judgment of no pre-suit compliance with 35 U.S.C. §

287(a) and deny damages for any period of non-compliance if there is no genuine issue of material

fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving

party bears the burden of demonstrating the absence of a genuine issue of material fact. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10, 585–86 (1986). The

nonmovant must then "come forward with specific facts showing that there is a genuine issue for

trial." *Id.* at 587 (internal quotation marks omitted). The Court "draw[s] all reasonable inferences

in favor of the nonmoving party, and it may not make credibility determinations or weigh the

evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The "mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment," and a factual dispute is genuine

only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Id.* at 252.

### B. Availability of Pre-Suit Damages Under 35 U.S.C § 287

"Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover [pre-suit] damages." *Arctic Cat I*, 876 F.3d at 1365. "If a patentee who makes, sells, offers for sale, or imports his patented articles has not given notice of his right by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Id.* at 1366 (internal quotations omitted).

An "alleged infringer who challenges the patentee's compliance with 35 U.S.C. § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Id.* at 1368. The Federal Circuit has described this as a "low bar." *Id.* "Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove" that the identified products either do not practice the patented invention or were marked under § 287. *Id.* (emphasis added). If the patentee does not meet this burden of proof, it cannot recover damages before the date of actual notice. *Id.* "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") (citing *Amsted Indus. Inc., v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 (Fed. Cir. 1994)). Whether "a patentee provided actual notice under § 287 'must focus on the action of the patentee, not the knowledge or understanding of the infringer,' and that '[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement.'" *Id.* at 866 (quoting *Amsted*, 24 F.3d at 187 (citing *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 n.18 (Fed. Cir. 1993))) (brackets in original); *see also Lubby Holdings LLC v. Chung*, 11 F.4th 1355,

1360 (Fed. Cir. 2021).

### C.     Pre-Suit Indirect Infringement Requires Pre-Suit Knowledge

#### i.     Inducement

Whoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b).  "The alleged infringer must be shown, however, to have knowingly induced infringement." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) (citing *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988). "It must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement."  *Id.* The plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.  *Id.*

#### ii.     Contributory Infringement

Regarding contributory infringement "[s]ection 271(c) 'require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing.'" *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 522 (Fed. Cir. 2016) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).  The knowledge requirement is similar to that of induced infringement with contributory infringement "require[ing] knowledge of the patent in suit and knowledge of patent infringement."  *Commil*, 575 U.S. 632 (2015). However, unlike inducement, contributory infringement does not "require the intent to infringe." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017).  35 U.S.C. § 271 (c) also states that contributory infringement liability may only attach when the accused product is "not a staple article or commodity of commerce suitable for substantial noninfringing use…"

## V.     ARGUMENT

### A.     Estech Did Not Plead Compliance with the Marking Statute, and Is Precluded From Recovering Pre-Suit Damages

It is Estech's burden to allege and plead compliance with 35 U.S.C. § 287.  *Maxwell*, 86 F.3d at 1111.  Estech's Complaint is silent regarding whether it has complied with 35 U.S.C. § 287, and whether it or its licensees have marked patent practicing products in compliance with § 287(a).  *See* Dkt. No. 1.  Yet, Estech continues to accuse Mitel of infringing apparatus Claim 47 of the '684 Patent and system claim 4 of the '699 Patent.  As such, Mitel is entitled to summary judgment (if not to judgment on the pleadings) that Estech is not entitled to pre-suit damages at all because it did not plead anything about 35 U.S.C. § 287.

"Where the patent contains [and the patentee asserts] both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) (quoting  *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993)); s*ee also Core Optical Techs., LLC v. Juniper Networks Inc.*, 562 F. Supp. 3d 376, 379 (N.D. Cal. 2021), *leave to appeal denied*, No. 2022-120, 2022 WL 1011675 (Fed. Cir. Apr. 5, 2022) (emphasizing that in *American Medical*, "both apparatus and method claims . . . were asserted.'").  Here, Estech asserts system claims for each of the Asserted Patents, such that failing to plead compliance with 35 U.S.C. § 287 precludes pre-suit damages.

Estech's apparent belief that it does not have an obligation to mark because its products allegedly do not practice any claim of the '684 Patent does not relieve Estech of its burden to plead compliance with the marking statutes.  Indeed, "[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all. Thus, [] Plaintiff has failed to state a claim for past damages." *Express Mobile, Inc.*

*v. Liquid Web, LLC*, No. 1:18-CV-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019).

**B.    Estech Cannot Recover Past Damages for the '684 Patent Because It Did Not Comply With 35 U.S.C. § 287**

**i.    Estech Did Not Provide Constructive Notice For the '684 Patent**

Setting aside its pleading failures, Estech still cannot recover pre-suit damages for the '684 Patent because it failed to mark its patent-practicing products. For purposes of constructive notice, Estech and its predecessors were obligated to mark products that practice the '684 Patent since the patent issued in 2006. (Ex. G  (Estech Systems, Inc. assignment to Estech); Ex. H (Inventor assignment to Estech Systems, Inc.)).

Mitel easily surpassed its "low bar" of production by identifying to Estech the ESI Communications Server and the ESI eCloud PBX products that Mitel reasonably believes are the "patented articles" subject to 35 U.S.C. § 287.  To meet its burden of production, Mitel identified to Estech the ESI Communications Server and the ESI eCloud PBX products in its March 2, 2023 second set of interrogatories during the fact discovery period as products that practiced the '684 Patent that should have been marked, but were not.  Specifically, the interrogatories propounded on Estech challenged Estech to refute Mitel's failure to mark allegation; Mitel directly asked "[t]o the extent You contend that the ESI Communication Server as it was offered for sale prior to February 25, 2021 (*see e.g.*, Exhibit A) did not practice any claim of either of the Patents in-Suit, state on a claim by claim basis the facts supporting your contention" and "[t]o the extent You contend that the ESI eCloud PBX as it was offered for sale prior to February 25, 2021 (*see e.g.*, Exhibit B) did not practice any claim of either of the Patents-in-Suit, state on a claim by claim basis the facts supporting your contention." (Ex. E (Mitel's Second Set of Interrogatories to Estech) at 8, Ex. A, and Ex. B).  Estech did not refute Mitel's allegations, and never provided any analysis whatsoever as to why the identified products do not practice Claim 47 of the '684 Patent.

To the contrary, Estech's own corporate witness conceded that Estech and its predecessors sold phones that practice the '684 Patent.  Via the Fed.R. Civ. P. 30(b)(6) deposition of Mr. George Platt, Estech testified that a number of products practice the '684 Patent:



(Ex. I (Mar. 30, 2023 Dep. Tr. George Platt) at 77:3–19).

Consistent with its corporate testimony, Estech did not explain in its written discovery responses why its products do not practice the '684 Patent.  For example, in its responses to Interrogatory Nos. 5, 10, and 11, Estech simply stated that "Estech does not assert that products of Estech Systems, Inc. practice the Asserted Patents.  Estech provided this information to Mitel in its infringement contentions, served on March 2, 2022 . . ." and apparently deferred to the expert discovery phase.  (*See, e.g.*, Ex. A (Estech's First Supplemental Responses to Mitel's First Set of Interrogatories (Nos. 1-5)) at 17).

In its infringement contentions, Estech did not provide additional information for why its ESI Communications Server or the ESI eCloud PBX do not practice the Patents-in-Suit as would have been required by Local Patent Rule 3-1(f).  (Ex. J (Infringement contentions) at 10) ("P.R. 3-

1(f): Estech's Reliance on its Instrumentalities [—] At this time, Estech does not intend to rely on the assertion that its instrumentalities practice the Asserted Patents.").

As noted, Estech apparently chose to rely on its expert reports to argue that its products do not practice Patents-in-Suit. (Ex. K (Estech Responses to Mitel's Second Set of Interrogatories) at 13–16) ("The relevant, non-privileged information sought by this Interrogatory [will be provided in] its forthcoming expert reports to be served pursuant to the Docket Control Order (Dkt. No 113), which Estech incorporates fully by reference herein."). However, again at that stage of the case Estech failed to refute the allegation that the ESI Communications Server or the ESI eCloud PBX practice the Patents-in-Suit. Estech's sole technical expert, Mr. Benedict Occhiogrosso, ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. F (Expert Report of Benedict Occhiogrosso Regarding Infringement) at ¶ 115. Mr. Occhiogrosso's only reference to the ESI Communications Server or the ESI eCloud PBX was in the context of non-infringing alternatives:



*Id.* (internal citations omitted). This conclusory, and irrelevant (to this issue), expert testimony is not sufficient. Estech did not and now is precluded from alleging that the ESI Communications Server or the ESI eCloud PBX do not practice certain limitations of the '684 Patent because it failed to explain with particularity why in its interrogatory responses and expert reports.

On the other hand, Defendants' technical expert, Dr. Magnussen, provided a rebuttal report

explaining, on a limitation-by-limitation basis, why he believes the Estech products identified above practice Claim 47 of the '684 Patent. (Ex. B (Expert Report of Walt Magnussen Jr. Regarding Estech's Practicing Products) at 6–10). Estech did not even depose Dr. Magnussen on these opinions.

The only evidence the jury will hear about this issue is Dr. Magnussen's technical opinion about Estech practicing Claim 47, backed by Mr. Platt's corporate testimony that Estech does in fact practice its patents. In light of the above, it is beyond question that Mitel put Estech on notice of products it believe practice the '684 Patent such that the obligation to mark attached and that Estech did not meet the burden shifted to it to prove its products do not practice the '684 Patent. *See Arctic Cat II*, 950 F.3d at 865. Summary judgment of no pre-suit damages for the '684 Patent is warranted.

### ii.    Estech Did Not Provide Actual Notice for the '684 Patent

To provide actual notice under § 287(a), a patentee must prove that it notified the alleged infringer of the infringement. 35 U.S.C. § 287(a). Absent filing litigation, "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device."[2] *Amsted*, 24 F.3d at 187. Under this standard, general letters identifying a patent and including an admonishment not to infringe do not constitute actual notice. *See id.* Letters that identify a product and offer a patent license for that product to abate infringement can constitute actual notice. *See Gart*, 254 F.3d at 1346.

Two cases are informative here. In *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13-cv-4137

---

[2] After *Amsted*, the Federal Circuit made clear that a specific charge of infringement does not require an "unqualified" charge of infringement. *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997). Rather "[informing the alleged infringer] of the identity of the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise" complies with actual notice. *Id.*

(JSR), 2014 WL 3057902, at *2 (S.D.N.Y. July 1, 2014), the Court found one letter insufficient where the communication mentioned "no charge, no device, and indeed, no patent."  A later letter, which provided a "detailed claim chart, noting both the relevant charges and the relevant devices" was sufficient to constitute actual notice.  *Id.* at *3. In *Amsted*, the notice letter identified the asserted patent, stated that the patentee expected to enforce its rights and expected the industry would respect its patents, and asked the defendant to "refrain from supplying or offering to supply component parts which would infringe . . . ."  *Amsted*, 24 F.3d at 186.  The Federal Circuit concluded "as a matter of law" that the letter "was not notice within the meaning of section 287."



On September 3, 2020, ▮▮▮▮▮▮▮ (not Estech) sent a letter to Mitel ▮▮▮▮ ▮▮▮▮▮▮ for a lawsuit in which Estech sued ▮▮▮▮▮▮.  The letter states, ". . . ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮."  (Ex. C (▮▮▮▮▮▮▮▮▮▮▮)).  ▮▮▮▮▮▮▮ attached a copy of the complaint, as well as ▮▮▮▮▮▮▮ with Mitel.  While the complaint identifies the patents asserted ***against*** ▮▮▮▮▮, the complaint does not mention Mitel. As a matter of law, the letter is insufficient to constitute actual notice pursuant to 35 U.S.C. § 287.

First, the letter itself does not identify any patent as applicable to Mitel.  Second, the letter is not from Estech at all. Third, the letter does not allege that any certain Mitel product infringes any patent, including the '684 Patent.  Like in *Adrea* and *Amsted*, as a matter of law, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to Mitel does not provide actual notice to Mitel for the purposes of § 287 and Estech has no other basis to allege actual notice otherwise.

"The correct approach to determining notice under section 287 must focus on the ***action of the patentee***, not the knowledge or understanding of the infringer." *Id.* at 187.  (emphasis added). The fact remains that ***Estech never sent a letter to Mitel*** prior to filing the Complaint.  Mitel was

not on actual notice for purposes of 35 U.S.C. § 287 until the filing of this lawsuit.  This Court should grant summary judgment that Estech cannot recover pre-suit damages for the '684 Patent.

      **C.**    **The ███████████████ Does Not Provide Notice To Support Pre-Suit Indirect Infringement Liability**

Estech cannot allege that the ████████████████████ letter is sufficient to provide pre-suit notice of either the '699 Patent or the '684 Patent for purposes of indirect infringement (either induced infringement or contributory infringement).

For inducement, "[t]he requirement that the alleged infringer knew or should have known his actions would induce actual infringement *necessarily includes the requirement that he or she knew of the patent*." *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1376 (Fed. Cir. 2010), *aff'd sub nom. Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) (emphasis in original); *see also Commil*, 575 U.S. 632 at 639.  "To establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement.'"  *DSU*, 471 F.3d at 1305 (brackets in original).

"Contributory infringement under 35 U.S.C. § 271(c) requires proof that (1) the defendant had 'knowledge of the patent in suit,' (2) the defendant had 'knowledge of patent infringement,' and (3) the accused product is not a staple article or commodity of commerce suitable for a substantial noninfringing use."  *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021).

While it may be fair to say that ███████████ knew of the '699 Patent and '684 Patent (and Estech's allegations of infringement against ██████████), the same cannot be said of Mitel, particularly as to allegations against Mitel.  As discussed above, the ████████████ ████████████████ to Mitel does not mention any patent, any Mitel product, or any specific

Mitel product that Mitel provided to ███████████ that may infringe the '699 Patent or '684 Patent. *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998) (holding that third party's knowledge of the asserted patent did not mean that defendant knew of the asserted patents when that third party was not a party to the case or an alter ego of the defendant). And because the Complaint is vendor-agnostic and relates only to systems assembled and used by ██████████, the Complaint does not put Mitel on notice sufficient to establish the intent needed for either induced infringement or contributory infringement liability. This is particularly true for inducement, where the inquiry involves determining whether Mitel knew or should have known that Mitel's actions induced a third party to infringe the Asserted Patents.

### D. Mitel Cannot Have Contributorily Infringed the '699 Patent or '684 Patent Because The Accused Instrumentalities Have Substantial Non-Infringing Uses

This Court should additionally grant Mitel's motion as to contributory infringement because the undisputed facts illustrate that Estech cannot prove a lack of substantial non-infringing uses. "To establish contributory infringement liability, the patent owner must show, among other things, that there are no substantial non-infringing uses. 35 U.S.C. § 271(c)." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1362 (Fed. Cir. 2012). "[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.* (quoting *Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed.Cir.2009). "In assessing whether a use is substantial, the fact-finder may consider 'the use's frequency, . . . the use's practicality, the invention's intended purpose, and the intended market.'" *Id.* (citing *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed.Cir.2010).

There are substantial non-infringing uses for the technology Estech accuses of infringement. First, Mitel's own use of its accused phone systems is not accused of infringement because Mitel uses ███████████, and such uses are licensed (i.e., non-infringing). (Ex.

L (Rebuttal Expert Report of Regis J. Bates Jr. on Non-Infringement) at Appx. A, ¶ 222; *see also*

Ex. M (Occhiogrosso Dep. Tr. (Rough)) at 7:15-8:2; Ex. D (███████████████████)).

Because Mitel's customers' use of Mitel systems ███████████████████████████

████████████████████████████████████████████████████████████████

███████████, there are substantial non-infringing uses for Mitel products as to both the '684

Patent and the '699 Patent.  *Id.*

      Moreover, for the '699 Patent, substantial non-infringing uses are evidenced by the fact

that separate WANs and LANs are needed in order to infringe.  Indeed, the '699 Patent requires a

telephone located at one LAN to access a voicemail stored on a second LAN via a WAN. However,

a preferred non-infringing alternative is to store the voicemail from the second LAN in a different

system before listening to the message, thus, eliminating the need for a separate, second LAN. Ex.

L (Rebuttal Expert Report of Regis J. Bates Jr. on Non-Infringement) at Appx. A, ¶¶ 84–85.  This

non-infringing alternative is not only suggested by Mitel in its literature but it is also cost effective

such that the alternative is rendered usual and practical. *See* Ex. L (Rebuttal Expert Report of Regis

J. Bates Jr. on Non-Infringement) at Appx. A, ¶ 85.  In addition, Mr. Occhiogrosso confirmed that

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████. (Ex.

M (Occhiogrosso Dep. Tr. (Rough)) at 27:8-17.  Indeed, he discusses that ███████████████

████████████████████████████████████████████████████████████

███ *Id.*  And, of course, not all users of Mitel phone systems need voicemail; for users who do

not use voicemail, the '699 Patent is not even implicated and the sale of phones and phone call

server software would have substantial non-infringing uses.

      Regarding the '684 Patent, the fact that the claims require a daisy-chained configuration

shows that there are substantial non-infringing uses for phones and telephone software that Mitel sells.  Mitel's expert witness explains that the daisy chain configuration is "optional" and, in fact, Mitel does not even imply to its end users that passthrough configuration is a preferred installation method.  Ex. L (Rebuttal Expert Report of Regis J. Bates Jr. on Non-Infringement) at Appx. A, ¶¶ 218–226).  There are substantial non-infringing uses for the '684 Patent that therefore preclude a finding of contributory infringement.

## VI.    CONCLUSION

For the reasons given above, Estech is not entitled to any damages prior to December 30, 2021, the date Estech filed the complaint in this case.

Date: May 26, 2023                          */s/ Benjamin E. Weed*

Benjamin E. Weed (*admitted pro hac vice*)
benjamin.weed@klgates.com
Amanda C. Maxfield (*admitted pro hac vice*)
amanda.maxfield@klgates.com
Jared R. Lund (*admitted pro hac vice*)
jared.lund@klgates.com
Caroline M. Vermillion (*admitted pro hac vice*)
caroline.vermillion@klgates.com
**K&L GATES LLP**
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000

Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: +1 903 934 8450
Facsimile: +1 903 934 9257
melissa@gillamsmithlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on this May 26, 2023 with a copy of the foregoing via the Court's CM/ECF system.

/s/ *Melissa R. Smith*
Melissa R. Smith