IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC, | |
|     Plaintiff, | C.A.  2:21-cv-00473-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| | (LEAD CASE) |
| MITEL NETWORKS, INC., | FILED UNDER SEAL |
|     Defendant. | |
| ESTECH SYSTEMS IP, LLC, | C.A.  2:21-cv-00476-JRG-rsp |
|     Plaintiff. | (CONSOLIDATED CASE) |
| v. | |
| ABBOTT LABORATORIES, | |
|     Defendant. | |

**PLAINTIFF ESTECH SYSTEMS IP, LLC'S RESPONSE TO ABBOTT
LABORATORIES' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. LEGAL STANDARD ................................................................................................ 1

II. ARGUMENT .............................................................................................................. 3

    A. ███████████████████████████████████████████ ............... 3

    B. ███████████████████████████████████████████ ......... 5

        1. ███████████████████████████████████████ ....... 5

        2. ███████████████████████████████████████████ .... 6

        3. ████████████████ ............................................................... 7

    C. Venue Is Proper in This District. ............................................................ 9

III. CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Ambraco*,
  570 F.3d 233 (5th Cir. 2009) ................................................................................................ 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 1

*Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*,
  72 F.3d 872 (Fed. Cir. 1995) ............................................................................................... 9

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496, 498 (5th Cir. 2000) ....................................................................................... 1

*Hammers v. Mayea-Chang*,
  No. 2:19-CV-00181-JRG, 2019 U.S. Dist. LEXIS 213039 (E.D. Tex. Dec. 10, 2019) ............. 2

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985) ............................................................................................. 3

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ........................................................................................... 2

*Intellectual Ventures II LLC v. FedEx Corp.*,
  No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581 (E.D. Tex. Nov. 22, 2017) ....... 3, 10

*Jacobs v. Nintendo of Am., Inc.*,
  370 F.3d 1097 (Fed. Cir. 2004) ........................................................................................... 9

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,
  677 F.2d 1045 (5th Cir. 1982) ............................................................................................. 1

*Patent Holder LLC, v. Lone Wolf Distributors, Inc. & Lone Wolf R&D LLC*,
  No. 17-23060-CIV, 2017 U.S. Dist. LEXIS 180699 (S.D. Fla. Nov. 1, 2017) ..................... 3

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016) ................................................................................ 1

*Skinner v. Switzer*,
  562 U.S. 521, 530 (2011) ..................................................................................................... 1

*Snyders Heart Valve LLC v. St. Jude Med. S.C., Inc.*,
  C.A. No. 4:16-CV-00812, 2018 U.S. Dist. LEXIS 105462 (E.D. Tex. June 25, 2018) ........ 2

*Sutton v. Shasta Indus.*,
  No. CV-20-02320-PHX-SMB, 2021 U.S. Dist. LEXIS 158177 (D. Ariz. Aug. 19, 2021) ........ 6

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
  No. 2:17-CV-86, 158 F. Supp. 3d 916, 2017 U.S. Dist. LEXIS 161489 (E.D. Va. Sept. 28, 2017) ................................................................................................................................ 3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ................................................................................................ 2

*Terrell v. Torres*,
  248 Ariz. 47 (2020) ..................................................................................................... 6

*Trois v. Apple Tree Auction Ctr., Inc.*,
  882 F.3d 485 (5th Cir. 2018) ...................................................................................... 2

*Viking Techs. v. Assurant, Inc.*,
  No. 20-cv-00357-JRG, 2021 U.S. Dist. LEXIS 154161 (E.D. Tex. Jun. 21, 2021) ................. 2

*Zenith Elecs. Corp. v. PDI Commun. Sys.*,
  522 F.3d 1348 (Fed. Cir. 2008) .................................................................................. 9

**Statutes**

28 U.S.C. § 1400(b) ..................................................................................................... 2, 9

Fed. R Civ. P. 8(a)(2) ...................................................................................................... 1

Plaintiff Estech Systems IP, LLC ("Estech") opposes Abbott Laboratories' ("Abbott") motion to dismiss (the "Motion," Dkt. No. 47). For the following reasons, the Motion should be denied in its entirety.

The Motion fails because the infringement alleged in this case is not covered by the Cisco-Estech Settlement Agreement (the "Agreement"). Estech has properly alleged infringement to establish venue. The Motion should therefore be denied.

## I.     LEGAL STANDARD

In the Fifth Circuit, the "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . . '" *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)).

The plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id.* Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-

1

specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b). *See Snyders Heart Valve LLC v. St. Jude Med. S.C., Inc.*, C.A. No. 4:16-CV-00812, 2018 U.S. Dist. LEXIS 105462, at *14 (E.D. Tex. June 25, 2018) (Mazzant, J.). Under § 1400(b), venue is proper (1) in the district in which the defendant resides or (2) in a district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong, a domestic corporation "resides" in its state of incorporation. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). Proper venue under the second prong of § 1400(b) requires a showing of three elements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Viking Techs. v. Assurant, Inc.*, No. 20-cv-00357-JRG, 2021 U.S. Dist. LEXIS 154161, at *6-7 (E.D. Tex. Jun. 21, 2021) (Gilstrap, C.J.) (citing *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017)).

The Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 U.S. Dist. LEXIS 213039, at *10 (E.D. Tex. Dec. 10, 2019) (Gilstrap, C.J.) (quoting 5B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1352 (3d ed. 2013)); *see also Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) ("Venue issues are generally reviewed for abuse of discretion. . . . '[V]iew[ing] all the facts in a light most favorable to the plaintiff.'") (quoting *Ambraco*, 570 F.3d 233, 237 (5th Cir. 2009).

"In assessing whether a defendant has committed an act of infringement within the District, an allegation of infringement—***even if contested***—is sufficient to establish venue is proper."

2

*Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *24-25 (E.D. Tex. Nov. 22, 2017) (Gilstrap, J.) (citing *Patent Holder LLC, v. Lone Wolf Distributors, Inc. & Lone Wolf R&D LLC*, No. 17-23060-CIV, 2017 U.S. Dist. LEXIS 180699 (S.D. Fla. Nov. 1, 2017); *Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-CV-86, 158 F. Supp. 3d 916, 2017 U.S. Dist. LEXIS 161489 (E.D. Va. Sept. 28, 2017)) (emphasis added). This reasoning reflects the fact that "[t]he issue of infringement is not reached on the merits in considering venue requirements." *Intellectual Ventures II*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *25 (quoting *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)) (internal quotations omitted).

## II.    ARGUMENT

### A.    ███

Abbott misreads the provisions of the Agreement ███ The Agreement defines ███



Ex. C, ¶ 1.3 (emphasis added). ███ are defined in the Agreement as

3

██████████████████████████████████████████████

Ex. C, ¶¶ 1.4, 1.7 (emphasis added). ██████████████

██████████████████████████████████████████████

Estech served its infringement contentions on March 2, 2022 (the "ICs"), eight days before Abbott filed the Motion. The ICs explicitly exclude:

> Any and all products and services of or provided by Cisco or its Affiliates, including any portions thereof, alone or in combination with one or more other products, services, processes, or other items, are licensed and are not alleged to satisfy, in whole or in part, any element or a step of any claim in the Asserted Patents.

Ex. AA, at 2 n.1. Estech does not accuse Abbott of infringement based on any use of ███████ ██████████████████████████████████████████████ Ex. A, ¶ 5. The use of such non-Cisco systems, ████████████████████████████████████ is not authorized and does not qualify Abbott as an ██████████████████████████

The Agreement explicitly defines the scope of Estech's release as being ████████ ██████████████████████████████████████████████ As the ICs make clear, Estech does not accuse Abbott of infringement based on any use of ████████████████████████ *See* Ex. AA, at 2

4

n.1. The Agreement does not release Abbott from its acts of infringement from VoIP systems that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id*.

Abbott tries to use the Agreement to fabricate a liability shield.[1]  Estech's complaint does not accuse Abbott of infringing by using any Cisco products, including WebEx.  *See* Dkt. No. 1.  Moreover, as described above, the ICs explicitly state that Estech does not rely on Abbott's use of any Licensed Products or Combination Products to satisfy any element or step of any asserted claim.  *See* Ex. AA, at 2 n.1.

**B.   Estech**  **Abbott.**

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

As explained above, the Agreement does not release Abbott from liability for the infringement alleged in this case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (emphasis added).  As the ICs make clear, Estech does not accuse Abbott of infringement based on its use of ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Ex. AA, at 2 n.1.  The Agreement does not release Abbott from acts of infringement committed using VoIP systems that are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Even if the Agreement has application in this case, Abbott failed to abide by its terms. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Abbott's reliance on *Sutton v. Shasta Indus.* is unavailing. There the plaintiff sued the defendant for past infringement, even though the plaintiff had previously assigned its entire rights in the asserted patent to the defendant. *See Sutton v. Shasta Indus.*, No. CV-20-02320-PHX-SMB, 2021 U.S. Dist. LEXIS 158177, at *7-8 (D. Ariz. Aug. 19, 2021). The plaintiff attempted to argue that because the assignment did not contain the "magic words – I hereby assign the right to sue for past infringement," the plaintiff retained that right. *Id.* at *8. The court analyzed the settlement agreement under Arizona law "to discover and effectuate the parties' expressed intent." *Id.* at 9 (quoting *Terrell v. Torres*, 248 Ariz. 47, 49 (2020)). The court found that "the parties' intended to transfer the right to sue for past infringement during the patent transfer in this case," and that the plaintiff lacked standing to bring the case, resulting in dismissal. *Id.* at *9, 14-15.

The court in *Sutton* was forced to construe the agreement to determine the intent of the parties. No such construction is necessary here. The Agreement explicitly states that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Abbott admits its use of VoIP systems and devices that ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Estech has not granted to Abbott a release for the use of such non-Cisco systems, which are neither ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬

2. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬

As explained above, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



████████████████████████████ The alleged infringement in this case falls squarely within ███

█████████████████████████████████  As ICs make clear, Estech does not accuse Abbott

of infringing the Asserted Patents based on its use of ████████████████████████████

*See* Ex. AA, at 2 n.1.  The Agreement does not release Abbott from acts of infringement committed

using non-Cisco systems.

    3.    ████████████████████████

Abbott persists in its deliberate confusion about the rights granted by the Agreement.



▬▬▬▬▬  No such products are accused of infringement in this case.  Whether a product is a

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬  The ICs explicitly exclude:

> Any and all products and services of or provided by Cisco or its Affiliates, including any portions thereof, alone or in combination with one or more other products, services, processes, or other items, are licensed and are not alleged to satisfy, in whole or in part, any element or a step of any claim in the Asserted Patents.

Ex. AA, at 2 n.1.  Estech does not accuse Abbott of infringement based on its use of ▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  And Estech's infringement contentions do not mention

Webex.  Moreover, as admitted in Mr. Kellen's declaration, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  Ex. A, ¶ 5.  The use of such non-Cisco

systems, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is not licensed.

Realizing the weakness of its own argument, Abbott argues in a footnote that it has an

implied license.  But as shown above numerous times, the Agreement explicitly carves out the use

of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ from the license.  *See* Ex. C, ¶ 2.3.

8

Abbott cannot have an implied license to infringement that is expressly carved out of the Agreement.

Abbott's case law does little to help its argument. In *Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*, the Federal Circuit held that a purchaser of an unpatented component of a patented combination from the patent holder obtains an implied license to use the patented combination for the life of that component. *See* 72 F.3d 872, 880 (Fed. Cir. 1995). As is abundantly clear, Estech does not allege any infringement through the use of any Licensed Products or Combination Products. *See* Ex. AA, at 2 n.1. Abbott also relies on both *Jacobs v. Nintendo of Am., Inc.,* and *Zenith Elecs. Corp. v. PDI Commun. Sys.* Neither case is on point, as both cases deal with the implied license defense, *i.e.*, "when a patentee or its licensee sells an article and the question is whether the sale carries with it a license to engage in conduct that would infringe the patent owner's rights." *Zenith Elecs. Corp. v. PDI Commun. Sys.*, 522 F.3d 1348, 1360 (Fed. Cir. 2008) (quoting *Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1100 (Fed. Cir. 2004)). In this case, through the Agreement, ▮▮▮▮▮ Estech has not granted Abbott a license to practice any claims of the asserted patents using non-Cisco systems. *See* Ex. C, ¶ 2.3.

### C. Venue Is Proper in This District.

Estech has properly alleged venue in this District. The venue statute requires that "the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Abbott admits that it "operates a facility at 6600 Pinecrest Drive, Plano, Texas 75024." Mot. at 1-2. The Motion and its exhibits do not foreclose the possibility that Abbott has committed acts of infringement in the District. Given that the "issue of infringement is not

9

reached on the merits in considering venue requirements" and "an allegation of infringement—*even if contested*—is sufficient to establish venue is proper," the Motion should be denied. *See Intellectual Ventures II*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *24-25.

The Cisco contract that Abbott cites as evidence of its use of Cisco products and services in Texas is unavailing.



These ambiguities in the evidence provided by Abbott cannot overcome the properly alleged acts of infringement in Estech's Complaint. The motion should therefore be denied.

### III. CONCLUSION

For the foregoing reasons, Estech respectfully requests that the Court deny the Motion in its entirety.

Dated: March 24, 2022
Respectfully submitted,

By: /s/ *Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building

**PUBLIC VERSION**

601 Congress Ave., Suite 600
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff Estech Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 24, 2022 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Unopposed Motion to File Under Seal (Dkt. No. 97) entered in this case.

*/s/ Fred I. Williams*
Fred I. Williams