PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC, | |
| Plaintiff, | C.A.  2:21-cv-00473-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| | LEAD CASE |
| MITEL NETWORKS, INC., | |
| Defendant. | |
| ESTECH SYSTEMS IP, LLC, | C.A.  2:21-cv-00476-JRG-rsp |
| Plaintiff. | CONSOLIDATED CASE |
| v. | |
| ABBOTT LABORATORIES, | |
| Defendant. | |

**PLAINTIFF ESTECH SYSTEMS IP, LLC'S SUR-REPLY
TO ABBOTT LABORATORIES' MOTION TO DISMISS**

PUBLIC VERSION

## I. INTRODUCTION

Plaintiff Estech Systems IP, LLC ("Estech") submits this sur-reply in opposition to Abbott Laboratories' ("Abbott") motion to dismiss (the "Motion," Dkt. No. 47). In its Reply, Abbott doubles down on its misunderstanding of the provisions of the Cisco-Estech Settlement Agreement (the "Agreement"). Abbott takes the position that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Reply at 2-3. Abbott's interpretation of the scope of the release of the Agreement is unfounded. The provisions of the Agreement explicitly do not release ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Next, Abbott argues that its telephony systems and methods ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As Estech's infringement contentions make clear, Estech does not accuse Abbott of infringement based on its use of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Dkt. No. 98-1 at 2 n.1. Finally, Estech has met its burden of establishing that venue is proper. Accordingly, the Motion should be denied.

## II. ARGUMENT

### A. Abbott Is Not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the Agreement for ▇▇▇▇▇▇

Abbott argues that it is an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Reply at 3. The Reply mistakenly asserts that "[u]nlike other provisions, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" *Id.* (emphasis in original). But the language of the Agreement could not be more clear that Abbott 

1

**PUBLIC VERSION**



Dkt. No. 47-5 at ¶ 3.1 (emphasis added).

And Estech's infringement contentions in this case

conform to the full scope of the release:

> Any and all products and services of or provided by Cisco or its Affiliates, including
> any portions thereof, alone or in combination with one or more other products,
> services, processes, or other items, are licensed and are not alleged to satisfy, in
> whole or in part, any element or a step of any claim in the Asserted Patents.

Dkt. No. 98-1 at 2 n.1.  Stated differently, Abbott's infringement by use of such non-Cisco systems,

which

**B.  Abbott's Accused Systems and Methods**

The Reply argues that Estech's reasoning renders

Reply at 4.  Estech recognizes that "a contract should be interpreted

as to give meaning to all of its terms -- presuming that every provision was intended to accomplish

some purpose, and that none are deemed superfluous."  *See Transitional Learning Community at*

*Galveston, Inc. v. United States OPM*, 220 F.3d 427, 431 (5th Cir. 2000).  But it is Abbott's flawed

definition of

Abbott agrees that

2

**PUBLIC VERSION**



(emphasis added).  Abbott argues that

*See* Reply at 5.  As the

definition in the Agreement makes clear, however,

According to Abbott, Estech does not have any recourse against an

Abbott seeks to use the Agreement to evade accountability for its infringing actions.

Estech's complaint does not accuse Abbott of infringement by use of any Cisco product, neither

Moreover, as described above, the infringement

contentions explicitly state that Estech does not rely on Abbott's use of                    to

satisfy any element or step of any asserted claim.  *See* Dkt. No. 98-1 at 2 n.1.

### C. Venue Is Proper in This District.

Despite the title of its Motion and the tenor of its briefing, Abbott's Motion to Dismiss is really a motion for summary judgment of non-infringement based on a license defense. Such a ruling would be premature, and unsupported by the record.

Venue is proper under the second prong of § 1400(b) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Abbott admits that it operates a regular and established place of business in the District "at 6600 Pinecrest Drive, Plano, Texas 75024." Mot. at 1-2. Abbott also admits that it used Cisco-based devices and systems in its Plano locations before the Agreement was executed. Dkt. No. 47-2, at ¶ 5. That use constituted acts of infringement committed in the District. Therefore, Abbott has admitted to facts sufficient to establish that venue is proper here. The statute defines proper venue as "where the defendant has committed acts of infringement." 28 U.S.C. § 1400(b) (emphasis added). Abbott admits that it has committed acts of infringement in the Eastern District of Texas. The Court should therefore resist Abbott's call to rule prematurely on its license defense as "[t]he issue of infringement is not reached on the merits in considering venue requirements." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *25 (E.D. Tex. Nov. 22, 2017) (Gilstrap, J.) (quoting *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985)) (internal quotations omitted).

There are also ambiguities in the contracts that Abbott proffers as evidence, which also supports denial of Abbott's Motion. As noted in the Response,



Such ambiguities should not be ignored. Indeed the Federal Circuit has noted that

> Where, as here, a contract is ambiguous, courts must consider extrinsic evidence of the surrounding circumstances to determine the intent of the parties. . . . <u>This issue cannot be properly resolved on a motion to dismiss</u> and remand is necessary to enable the parties to establish an appropriate record and for the district court to make necessary factual findings.

*Fraunhofer-Gesellschaft Zur Förderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, 940 F.3d 1372, 1381-82 (Fed. Cir. 2019) (citations omitted) (emphasis added). As the Federal Circuit makes clear, a motion to dismiss is not the proper vehicle for resolving contractual ambiguities. Abbott should instead raise its license defense at summary judgment after discovery is complete.

When evaluating a motion to dismiss, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 U.S. Dist. LEXIS 213039, at *10 (E.D. Tex. Dec. 10, 2019) (Gilstrap, C.J.) (quoting 5B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1352 (3d ed. 2013)). And "[i]n assessing whether a defendant has committed an act

5

of infringement within the District, an allegation of infringement—*even if contested*—is sufficient to establish venue is proper." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 193581, at *24-25 (E.D. Tex. Nov. 22, 2017) (Gilstrap, J.) (emphasis added).  Estech's allegations of infringement are sufficient to establish venue.  Abbott's arguments do not overcome Estech's well-pled allegations.  The Motion should therefore be denied.

### III.  CONCLUSION

For the foregoing reasons, Estech respectfully requests that the Court deny the Motion in its entirety.  If the Court is inclined to grant any portion of the Motion, Estech respectfully requests the opportunity to amend its Complaint so that it can cure any deficiencies that the Court identifies.  If the Court is inclined to find that venue in this case is improper, Estech also requests that it be allowed to take limited discovery to determine all relevant venue facts before supplementing its opposition to the Motion.

Dated: April 7, 2022               Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366

Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff Estech Systems IP, LLC*

**PUBLIC VERSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2022 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

I hereby certify that the foregoing sur-reply contains information and documents designated as CONFIDENTIAL and/or RESTRICTED – ATTORNEYS' EYES ONLY under the proposed Protective Order in this case.

*/s/ Fred I. Williams*
Fred I. Williams